(8 Misc. Rep. 280.)

WACHSMAN et al. v. COLUMBIA BANK OF CITY OF NEW YORK.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

BANKS AND BANKING—DUTY OF DEPOSITOR TO EXAMINE CANCELED CHECKS.
  Where a depositor, in the ordinary course of business, gives his pass book and canceled checks to his bookkeeper to be examined, and the bookkeeper is thereby enabled to conceal the fact that he had forged some of the checks, the depositor is not estopped by the delay in discovering the forgery from recovering the amount of the forged checks from the bank. 26 N. Y. Supp. 885, affirmed.

Appeal from city court, general term.

Action by Sigmund Wachsman and another against the Columbia Bank of the City of New York. Plaintiffs were depositors with defendant, and the action was substantially to recover the amount of three checks which the bank charged against them, but which they averred to be forgeries. One check was for $493, dated August 18, 1892; one was for $578.96, dated August 30, 1892; and the third was for $700, dated October 24, 1892. From a judgment of the city court (26 N. Y. Supp. 885) affirming a judgment entered on a verdict in favor of plaintiffs for $1,886.51, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

I. S. Isaacs (Julius J. Frank, of counsel), for appellant.

David Leventritt, for respondents.

DALY, C. J. There was sufficient evidence to sustain the finding that the disputed checks were not drawn by plaintiffs, nor with their knowledge nor in the course of their business, and that they

were forgeries by their bookkeeper. The only questions upon this appeal arise upon exceptions to the court's refusal to charge that plaintiffs were estopped from objecting to the correctness of the account as balanced by the bank, and delivered to and retained by them without objection; and that they had, by their course of conduct, put it in the power of their bookkeeper to perpetrate the forgery, and are estopped by their own negligence from recovery.

There is no ground for holding the plaintiffs estopped. After the bank had parted with its money upon the forged checks, nothing was done nor left undone on the part of the depositors by which the bank lost any rights; and, although the pass book showing the account as balanced was retained by them for some time, the delay was accounted for by showing that in the ordinary course of business the book and the vouchers were given to their bookkeeper for examination, and that he availed himself of the opportunity to conceal the fraud he had already perpetrated. This delay did not make the account stated conclusive upon the plaintiffs, but only cast upon them the burden of impeaching it for mistake, and proving that the checks were forged. August v. Bank (Sup.) 1 N. Y. Supp. 139. Had they even made a personal examination of the vouchers, and been deceived by the fraudulent signature, and acquiesced in the account under the impression that it was correct, they would not be estopped from making the claim upon subsequent discovery of the forgery, unless the delay had prejudiced the bank. Weisser v. Denison, 10 N. Y. 68. Banks are bound to know the signatures of their depositors, and, if they pay forged checks, they commit the first fault, and cannot visit the consequences upon the innocent depositor, who, after the fact, is also deceived by the simulated paper. So if the depositor, in the ordinary course of business, commits the examination of the bank account and vouchers to a clerk who is the criminal, and he fails to disclose the forged checks, the duty of the depositor to the bank is discharged, although, if he had made the examination personally, he would have detected them. The duty of the depositor at most is to exercise ordinary care, and this was performed when, in the ordinary course, they intrusted the duty of examination to the usual agent. Frank v. Bank, 84 N. Y. 209; Welch v. Bank, 73 N. Y. 424.

It was not error for the court to refuse the instruction asked for by defendant,—that the jury must find a verdict for defendant; that the plaintiffs, by their course of conduct, had put it in the power of their bookkeeper to perpetrate the forgery, if the checks were forged, and the plaintiffs' own negligence estops them from the right to recover in this action. It is not now contended, however, that the defendant was entitled to a direction of a verdict as asked for, but that it was the duty of the court to submit the question of plaintiffs' negligence to the jury. No such request was made at the trial, and the only exception which it is claimed presents error in this regard is one taken "to that part of the charge wherein it states that the only question for the jury is whether Wachsman & Company drew the checks in dispute or not." This exception, in the absence of request to submit the specific question

to the jury, did not call the attention of the court to the **error now** complained of, and is therefore unavailable.    Manning v. Case, 21 Wkly. Dig. 108; Sterrett v. Bank, 122 N. Y. 662, 25 N. E. 913. But, even were the exception sufficient to raise the question now argued, it is manifest that the evidence, stated as strongly as the appellant puts it, does not present ground to support an allegation of negligence.    It does not appear that there was anything unusual in plaintiffs empowering their bookkeeper to write out the body of checks, make entries thereof in the corresponding stubs, receive the returned and canceled checks or vouchers, and voucher lists relating thereto, compare them with stubs in the check book and with the bank book as balanced, without any kind of, supervision or control whatever on the part of the plaintiffs.    The latter had the right to manage their business through agents, and are not to be held for want of ordinary care because the confidence so reposed subjects the latter to temptation.    To constitute negligence there must be proof of facts tending to show that the agent was untrustworthy, and that the principal had some notice thereof, or that the acts or omissions complained of were out of the usual course of business.    The burden of proving negligence rested on the defendant, and it failed to show it.    There is no proof that plaintiffs "intrusted the entire financial management of their business to their bookkeeper," as claimed now by appellant, or that no supervision or control was exercised by plaintiffs.    The duty of the depositor is discharged when he exercises such diligence as is required by the circumstances of the particular case, including the relations of the parties and the established or known usages of business.    Bank v. Morgan, 117 U. S. 96, 6 Sup. Ct. 657.

It is argued that the exception last referred to is available to appellant because the instruction that the only question for the jury was whether plaintiffs drew the checks in dispute or not did not present the real issue litigated upon the trial, and was therefore erroneous.    On the contrary, that was the principal issue litigated upon the trial, and no error was committed in submitting it to the jury, and in submitting it as the only issue, since appellant claimed, in effect, that there was no other, by asking a direction of a verdict on the other question, which he deemed established by the evidence. Much of appellant's brief is devoted to considerations which, however proper for cognizance by the city court, are ineffectual upon this appeal, where we are limited to the review of questions raised by appropriate exceptions.

The general exception to the instruction complained of does not suffice to present the question whether there was any proof of the forgery of two of the checks.    There was no motion to dismiss the complaint at the close of the case, and no request for instruction on the point now made, nor any exception to the submission to the jury of the genuineness of the two checks.    The only exception to ruling upon admission of evidence presents no error.    The forged checks were made payable to one J. G. Morris, and the plaintiffs had the right to show that they had no dealings with such a person.

Had they omitted to give such testimony, it might have been occasion for unfavorable inference.    The judgment and order appealed from should be affirmed, with costs.