(10 Misc. Rep. 680.)

HARLEM CO-OPERATIVE BLDG. & LOAN ASS'N v. MERCANTILE TRUST CO.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. BANKS AND BANKING—PAYMENT OF FORGED CHECKS — NOTICE OF FORGERY.
    In an action against a bank to recover money paid by defendant on forged indorsements of checks drawn by plaintiff, delay in notifying defendant of the forgeries is no defense, where there was no proof that defendant was damaged by the delay.

2. SAME—NEGLIGENCE IN ISSUING CHECKS.
    The fact that plaintiff loan association was negligent in issuing checks payable to its members on forged applications for withdrawals, the means of verifying the signatures being at hand, is no defense to an action by plaintiff to recover the amount of such checks paid by defendant bank on forged indorsements of the payees' names.

Appeal from judgment on report of referee.

Action by the Harlem Co-operative Building & Loan Association against the Mercantile Trust Company. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

James L. Bishop, for appellant.

Abner C. Thomas, for respondent.

BISCHOFF, J.    This action was brought to recover $3,137.18, the amount represented by five checks drawn by the plaintiff to the order of certain parties against its banking account with the defendant, and paid by the latter upon such account, it being claimed that the indorsements of the payees designated were forgeries.    The checks were drawn at the instance of the plaintiff's secretary, one Beardsley, for payment to members of the association of moneys which, according to the purport of withdrawal notices presented by this individual to the plaintiff's directors, were called for by these members upon

their accounts with the plaintiff.   As a matter of fact, the signatures affixed to the withdrawal notices were forged by Beardsley; and, having obtained the checks for delivery to the respective payees, he forged their indorsements, and placed the checks to his individual credit in the Shoe & Leather Bank of this city, by which bank they were accepted, and to which, upon its indorsement, the amounts called for were paid by defendant, and charged against plaintiff's account.

It was claimed, and the referee in fact found, that the plaintiff had delayed giving notice of these forgeries to the defendant, after their discovery, beyond a reasonable time; but no proof of damage resulting from such failure was adduced on behalf of the defendant, and the referee therefore determined this point in favor of the plaintiff upon the authority of Third Nat. Bank v. Merchants' Nat. Bank, 76 Hun, 475, 27 N. Y. Supp. 1070, where it was held that such a defense proceeds upon the theory of an estoppel, and that damage to the defendant must be shown in order that it may prevail.   The case cited was properly followed by the referee in determining this question as to the effect of the plaintiff's delay upon the matters in suit.   It is true that in other states the courts have held that a change of circumstances, and resulting damage to the bank's interests, will be presumed where the depositor has unreasonably delayed giving notice to the bank of a discovered forgery; but such a rule has not as yet been adopted by our courts, and, at all events, its application could hardly be well called for in this case.   As a matter of fact, this defendant cannot be said to have been damaged in any way by the delay noted. The forged indorsements were guarantied by the Shoe & Leather Bank, by the force of the latter's indorsement (White v. Bank, 64 N. Y. 320; Turnbull v. Bowyer, 40 N. Y. 456); and it is against that institution that the defendant's remedy lies, not against the forger, whose escape the plaintiff's failure to give prompt notice of the forgeries may have possibly facilitated.   The referee has found that the Shoe & Leather Bank is "a banking corporation of good credit and repute"; and it does not appear that the plaintiff's delay in giving notice of these forgeries has injured that credit and repute, or affected the defendant's recourse as against such bank in any way.

It is further claimed that the plaintiff was negligent in issuing checks payable to its members upon forged applications, the means of verifying the signatures affixed thereto being at hand; but we can find no force in the contention.   As between these parties, the circumstances leading to the issuing of the checks cannot affect the plaintiff's right that the moneys held by the defendant upon its account should be paid out only upon its orders, and to the payees named therein or to their order.   This is not a case where the doctrine of contributory negligence finds any application in the aspect considered; and it certainly cannot be said that the defendant was at all misled or injured by the plaintiff's having issued these checks under the circumstances noted.   Whatever the methods leading to their preparation, the outward form of these checks, their validity, and the duties of defendant with respect to them were alike unchanged.   Nor are we to hold that the plaintiff's failure to earlier

discover the fact that the indorsements of the payees' names were forged precluded the opening of the accounts periodically stated. It is the duty of the bank to ascertain whether or not the signature of the depositor or the indorsement of the designated payee upon a check is genuine, and the depositor has the right to assume that the question has been determined by the bank when the check is returned to him as evidence of a payment made by his direction. Shipman v. Bank, 126 N. Y. 328, 27 N. E. 371; Wachsman v. Bank, 8 Misc. Rep. 280, 28 N. Y. Supp. 711; Frank v. Bank, 84 N. Y. 209; Weisser v. Denison, 10 N. Y. 68. In this case the plaintiff's treasurer examined the return checks as received from the defendant, with regard to their dates and amounts; and while the signatures of the payees, as indorsed thereon, might have been verified by reference to the records of the association, such verification would appear to be an act in excess of the duty owing from the plaintiff to the defendant. Cases supra. True, in Frank v. Bank, the court say that a depositor might be held to a duty of making some examination of his returned checks for the purpose of detecting forgeries of his own signature; yet in that case it was further held that, in order to preclude a recovery by reason of a failure to make such an examination, an injury resulting to the bank would be a necessary element in the consideration. The cases do not go to the length of holding that an examination of the indorsements of payees should thus be made; and, moreover, as shown above, no injury to the defendant resulted in this case.

It appears that the issues presented were correctly determined by the learned referee, and the judgment is therefore affirmed, with costs. All concur.