(No. 14729.—Judgment affirmed.)

THE GUSTIN-BACON MANUFACTURING COMPANY, Defendant in Error, *vs.* THE FIRST NATIONAL BANK OF ENGLEWOOD, Plaintiff in Error.

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. APPEALS AND ERRORS—*when questions of fact are settled by judgment of Appellate Court—briefs.*  Questions of fact in a suit for the amount of a check collected by a bank on a forged indorsement are conclusively settled by the judgment of the Appellate Court affirming a judgment of the municipal court of Chicago in favor of the plaintiff, and argument of questions of fact in the briefs in the Supreme Court is unavailing.

2. SAME—*when refusal of motion to exclude testimony for the plaintiff is not subject to review.*  In a suit at law tried before the court without a jury, the refusal of the defendant's motion, at the close of the plaintiff's evidence, to exclude all the testimony for the plaintiff and dismiss the suit is not subject to review in the Supreme Court after an affirmance of a judgment for the plaintiff by the Appellate Court, where said motion was not renewed by the defendant at the close of all the evidence.

3. PLEADING—*when statement of claim in a suit to recover the amount of check collected by bank is sufficient.*  A statement of claim in a suit in the municipal court of Chicago by the maker of a check against a bank to recover the amount of the check collected by the defendant states a good cause of action, where it recites facts showing that the defendant has procured the money of the plaintiff to the amount of the check by collecting the check on a forged indorsement; and it is not material that the plaintiff, being the maker of the check, was not the owner and could not sue in trover.

4. BANKS—*when a bank has no defense to suit for proceeds of check collected on forged indorsement.*  Where an employee of the payee of a check forges an indorsement of the payee's name and writes his own name under the indorsement, a bank which collects the check without any inquiry as to such employee's authority and credits the proceeds to his account, where they are checked out, has no defense to a suit by the maker of the check to recover the proceeds, notwithstanding the maker may have been negligent in not sooner discovering the fraud.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding.

HARRIS F. WILLIAMS, (CYRUS HEREN, JAMES A. O'CALLAGHAN, and ELDON M. VOTAW, of counsel,) for plaintiff in error.

W. T. ALDEN, (CHARLES MARTIN, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The court allowed a writ of *certiorari* to obtain a review of the record of a judgment of the Appellate Court for the First District affirming a judgment recovered in the municipal court of Chicago by the Gustin-Bacon Manufacturing Company, defendant in error, against the First National Bank of Englewood, plaintiff in error, for the amount of a check drawn by the defendant in error on the New England National Bank of Kansas City, Missouri, payable to the order of John Lord's Sons and collected by the plaintiff in error under a forged indorsement of the name of the payee.

Harry Lord and Charles Lord were partners under the name of John Lord's Sons, engaged in the business of manufacturing and selling cotton and woolen waste, with their principal office in Philadelphia and a branch office in Chicago at 939 West VanBuren street. H. W. Melvin was in charge of the Chicago office and Walter J. Riddle was employed as a solicitor and clerk in the office. Riddle secured an order from the plaintiff to John Lord's Sons for a carload of cotton waste, which was shipped to the plaintiff at its place of business in Kansas City, Missouri. The car of waste was rejected by the plaintiff and was returned to

John Lord's Sons at their Chicago office, placed in a ware-
house and re-sold by Melvin to other parties. Notice that
the car of waste had been rejected was received at the Chi-
cago office, and shortly afterward a check of the plaintiff
dated October 10, 1919, for $2175.92, the price of the car-
load of waste, was also received. Sending the check was
evidently due to some mistake or misunderstanding, and
Melvin told Riddle that the plaintiff must have sent it be-
fore the refusal to accept the waste, and directed him to
send the check right on to John Lord's Sons at Philadelphia
with the notice of the rejection. John Lord's Sons had no
bank account in Chicago and checks received at the Chicago
office were mailed to them at Philadelphia. The check was
put with the other checks to be mailed, to be sent out that
day. Riddle took the check and instead of forwarding it
as directed, indorsed it with the name of John Lord's Sons
and wrote his own name, W. J. Riddle, under the indorse-
ment of the payee's name. He deposited the check with the
defendant, the First National Bank of Englewood, which
received it for collection for his personal account. The de-
fendant forwarded the check to Kansas City, where it was
paid through the clearing house, and the defendant then
credited the amount to Riddle's account. Riddle checked
out the proceeds with the exception of $18.54. He had no
authority to indorse checks for John Lord's Sons and his
indorsement was a forgery.

The facts as above stated have been conclusively set-
tled by the judgment of the Appellate Court and only ques-
tions of law are open to review by this court. The trial
was before the court without a jury, and the abstract shows
a motion of the defendant, at the close of the evidence for
the plaintiff, to exclude all the testimony of the plaintiff
from the record, to enter a finding in favor of the defend-
ant and to dismiss the suit, but the motion was not renewed
at the close of all the evidence and the refusal is not sub-
ject to review. The abstract also shows motions for a new

trial and in arrest of judgment and twelve propositions of law submitted to the trial court by the defendant, the first and fourth of which were held to be the law and the others refused, but there is no allusion in the brief and argument to any ruling of the court or the refusal to hold any proposition of law submitted. The brief contains fifteen points, with authorities in support of each, and the argument, as before stated, is general and very largely on questions of fact, such as that the charge of the amount of the check to the account of the plaintiff was due to its own negligence; that the plaintiff, believing it was dealing with a Chicago concern, intended that concern as the payee of the check; that the measure of the damages was the value of the check, which was worthless because the consideration had failed. These questions, considered as questions of fact, are beyond the jurisdiction of this court, but everything worthy of notice that can be regarded as a question of law will be considered.

One argument against the judgment is, the plaintiff, being the maker of the check, was not the owner because no one but the payee could sue on or collect it, and therefore it was not property and trover would not lie. It does not appear that this question was presented in any manner to the trial court, but no name was given to the action in the municipal court and it is immaterial what it was called. The *præcipe* for the summons was in a first-class case in contract, and the second amended statement of claim on which the case was tried recited the facts showing a good cause of action, and stating that the defendant converted the check, and the amount of money represented by it, for its own use and benefit. The sufficiency of the statement of claim was not questioned and could not be, because it showed that the defendant had procured $2175.92 of the money of the plaintiff on deposit in the Kansas City bank by means of a forged indorsement. If the plaintiff was negligent in not sooner discovering that the defendant had

collected the amount of the check, that fact was no defense. (*Hamlin's Wizard Oil Co.* v. *United States Express Co.* 265 Ill. 156.) The defendant took the risk of the authority of Riddle to indorse the check and appropriate the proceeds. (*Jackson Paper Manf. Co.* v. *Commercial Nat. Bank,* 199 Ill. 151; *Foster* v. *Graf,* 287 id. 559.) The defendant dealt with Riddle at its peril, and was bound to ascertain not only the fact of his agency but the extent of his authority, and there was an entire failure to make proof that he had any authority. Without any evidence whatever of authority of Riddle the defendant accepted and collected the check and gave the proceeds to Riddle. There was no defense to the suit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*