### INDUSTRIAL SAV. BANK v. PEOPLE'S FUNERAL SERVICE CORPORATION.

(Court of Appeals of District of Columbia. Submitted February 6, 1924. Decided March 3, 1924. Motion for Rehearing Denied March 22, 1924.)

No. 4001.

1. **Banks and banking** ⟾154(9)—**Instruction, in action against bank for paying improperly executed check, excluding question of injury to depositor, held error.**

Where defendant bank paid a check of plaintiff corporation, signed by defendant's treasurer, but not by defendant's president, and the check went to discharge a corporate debt, an instruction that the only question involved is whether the bank was negligent in paying the check, and that, if it knew the check should have been signed by the president and treasurer, and paid it without those two signatures, the verdict should be for plaintiff, *held* error.

2. **Negligence** ⟾56(1)—**Consequential injury essential element.**

To support an action based on negligence, there must be, not only a negligent act, but a consequential injury, which is the gravamen of the charge.

3. **Banks and banking** ⟾154(9)—**Bank, paying improperly executed check, not liable to depositor, if latter not injured.**

Where defendant paid a check of plaintiff corporation, signed by defendant's treasurer, but not by defendant's president, a request that, if the corporation received the benefit of the proceeds of the check, or the proceeds were applied in discharge of a corporate obligation, the verdict should be for defendant, *held* improperly refused.

Appeal from the Supreme Court of the District of Columbia.

Action by the People's Funeral Service Corporation against the Industrial Savings Bank. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions to grant a new trial.

B. L. Gaskins, of Washington, D. C., for appellant.

Joseph H. Stewart, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

---

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SMYTH, Chief Justice.  This is an action by the People's Funeral Service Corporation against the Industrial Savings Bank to recover $1,003.50.  Its declaration is in three counts.  In the first count it averred that it had on deposit with the bank a sum in excess of the amount for which it sued; that under its by-laws, which were known to the bank, all checks on its deposits were required to be signed by its president and treasurer; that the bank agreed not to pay out any of its funds except upon checks signed in accordance with the by-laws, and that in disregard of this promise the bank paid a check, drawn in favor of Warfield & Rohr Company, for $1,003.50, which was signed by its treasurer only.  In the second count charged that the bank negligently and carelessly paid the check, and the third count embraced the money counts.

[1, 2]  The record discloses without contradiction that at the time the check was drawn the corporation was indebted to Warfield & Rohr Company in the amount of the check; that the president of the corporation, one Richardson, took the check to the Rohr Company for the purpose of paying the debt; that he there learned that the debt was somewhat more than the amount named in the check; that the check was then indorsed by the Rohr Company and delivered to him; that he gave his check in place of it, for the amount of the Rohr Company's bill, and subsequently cashed the corporation's check.  Thus the amount paid upon the check went to discharge a debt of the corporation.  About this there is no dispute.  The court instructed the jury that the only question in the case was whether the bank was negligent in paying the check, and that, if it knew that the check should have been signed by the president and treasurer, and paid it "without those two signatures," the verdict should be for the plaintiff.  In this we think the court erred.  By paying the check a debt of the corporation was discharged; therefore it sustained no damage by the act of the bank in paying it.  To support an action based on negligence there must be, not only the negligent act, but a consequential injury, which is the gravamen of the charge.  Ochs v. Public Service Railway Co., 81 N. J. Law, 661, 80 Atl. 495, 36 L. R. A. (N. S.) 240, Ann. Cas. 1912D, 255.  To this rule there is no exception so far as we know.  Of course, if there was testimony tending to show that the corporation was damaged by the payment of the defectively signed check, a different question would be presented.

[3]  The court should have granted defendant's second request for an instruction, which said that, if the jury believed that the "corporation received the benefit of the proceeds of the check sued upon, or that such proceeds were applied in discharge of any existing obligation, whether to Richardson or the Warfield & Rohr Company," their verdict should be for the defendant.

For the errors committed, the case is reversed, with costs, and remanded, with directions to grant a new trial.

Reversed.