## CITY BANK v. HAMILTON NAT. BANK OF WASHINGTON.
### No. 7311.

United States Court of Appeals for the District of Columbia.

Argued Nov. 10, 1939.

Decided Dec. 11, 1939.

L. Harold Sothoron and P. Michael Cook, both of Washington, D. C., for appellant.

Roger J. Whiteford, P. H. Marshall, and John J. Carmody, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

The Hamilton National Bank, plaintiff in the court below, discounted two promissory notes signed by Arthur Berman and purporting to have been signed by Bernice Berman, his wife, and issued and delivered to Arthur Berman its cashier's checks payable to the order of himself and his wife for the amount of the loans. These checks, indorsed with the names of the payees, were delivered by Berman to City Bank for deposit to his account, and the amounts of the checks—indorsed by City Bank "Prior Endorsements Guaranteed"—were collected by City Bank from Hamilton Bank through the clearing house. Berman paid Hamilton Bank monthly installments on the discounted notes for approximately ten months, and then died. Shortly afterwards it was discovered that Mrs. Berman's purported signatures on the notes and on the cashier's checks were forgeries, and she declined to pay the debt. Hamilton Bank then sued City Bank to recover its loss. City Bank demurred on the ground that the declaration failed to show any loss or damage to Hamilton Bank by reason of the forged indorsements on the checks, City Bank insisting in this respect that Hamilton Bank still had exactly what it bought. The demurrer was overruled, and City Bank pleaded to the merits. Plaintiff's motion for judgment on the pleadings was granted, and this appeal followed.

The points argued are that the court erred (1) in overruling the demurrer; (2) in granting Hamilton Bank's motion for judgment.

The first ground is based upon the theory that the declaration fails to show

that the debt is still owing and unpaid; in other words, that there is not a sufficient showing of facts from which the court can infer actual damage to plaintiff. We think the point without merit. The declaration alleges that the debt is due and unpaid; that Arthur Berman is dead; and that the signatures of Bernice Berman as indorser on the checks are forgeries. It further alleges that the checks were deposited in City Bank; that City Bank guaranteed the indorsements and collected the amount of the checks from Hamilton Bank; that Hamilton Bank, in paying the checks, relied on City Bank's guaranty; and although Berman repaid a portion of the full amount, the balance was refused by his wife and remains unpaid. This latter amount Hamilton Bank claims is its loss, sustained as the result of its payment of the forged checks. We think this a sufficient allegation of facts to show not only that the loss occurred but how it occurred, and in this view the cases on which appellant relies[1] are not in point, and the demurrer was properly overruled.

▉ Nor do we think there is any greater merit in City Bank's other defense. The ground relied upon is that Hamilton Bank's loss flowed from its own act in lending money on promissory notes with the forged signatures of one of the makers. On this theory, City Bank says that, in guaranteeing the indorsements on the cashier's checks, it did nothing to lessen the value of the promissory notes; that in fact it paid the sums called for in the cashier's checks to Berman, the person whom Hamilton Bank intended to receive them; and that the court should, therefore, apply the rule that, as between two innocent persons, the one whose act causes the loss should bear the consequences. But nothing in the case will justify the application of that rule. The record shows that Bernice Berman was unknown to Hamilton Bank and had no account there and was not present at the times when the notes were discounted and the checks issued. Hamilton Bank, in issuing the checks, made them payable to both husband and wife and thereby indicated that they were the persons intended to receive the proceeds. It parted with none of its money when it accepted the notes. Its loss occurred when it paid the checks upon the guaranty of City Bank of the validity of the indorsements of Bernice Berman. It thus appears that, while Hamilton Bank was imposed upon by a forger, and on the faith of the forged notes gave him its checks payable to himself and his wife, City Bank was imposed on by the forger when he obtained its money on his own genuine indorsements and the forged indorsements of his wife. The loss sued on occurred as the result of reliance by Hamilton Bank on the guaranty of City Bank that the indorsements were valid. In this aspect, City Bank received from Hamilton Bank money to which it was not entitled. Upon discovery, Hamilton Bank demanded return, less the amount which had been restored by the forger. The rule in these circumstances is that the bank which has drawn the cashier's check on itself may recover from the collecting bank when the indorsement has been forged. Farmers' Bank & Trust Co. v. Farmers' State Bank, 148 Ark. 599, 231 S.W. 7; cf. Hartford-Connecticut Trust Co. v. Riverside Trust Co., 123 Conn. 616, 197 A. 766. To the same extent, the drawer of a check may recover from the collecting bank when his own bank has paid and charged to his own account a check with forged indorsement. Life Ins. Co. v. Edisto National Bank, 166 S.C. 505, 165 S.E. 178; Gustin-Bacon Mfg. Co. v. First Nat. Bank, 306 Ill. 179, 137 N.E. 793. Or the drawee bank may credit the account and itself sue the collecting bank. District Nat. Bank v. Washington Loan & Trust Co., 62 App.D.C. 198, 65 F.2d 831.

This is not a case where an imposter assumes another's name and the drawer of the check deals with him directly, believing him to be the person named. In such a case the collecting bank is not liable, because the very person intended to receive the money has indorsed the check. Central Nat. Bank v. National Met. Bank, 31 App. D.C. 391, 17 L.R.A.,N.S., 520; Robertson v. Coleman, 141 Mass. 231, 4 N.E. 619, 55 Am.Rep. 471; Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230, 46 A. 420, 50 L.R.A. 75, 79 Am.St.Rep. 717.

---

[1] State of Nebraska v. State Journal Co., 75 Neb. 275, 106 N.W. 434, 9 L.R. A.,N.S., 174, 13 Ann.Cas. 254; Jackson & Sharp Co. v. Fay, 20 App.D.C. 105; Washington Mechanics' Savings Bank v. District Title Insurance Company, et al., 62 App.D.C. 194, 65 F.2d 827; Crane v. Postal Telegraph Cable Company, 48 App.D.C. 54; Industrial Savings Bank v. People's Funeral Service Corporation, 54 App.D.C. 259, 296 F. 1006.

Nor is it a case where some act of the drawer has actually misled the collecting bank into believing that it could safely pay the check to the forger, or where some negligence of the drawer has permitted the fraud under conditions in which the bank should have been warned. Peninsular State Bank v. First Nat. Bank, 245 Mich. 179, 222 N.W. 157; Prudential Ins. Co. v. National Bank of Commerce, 227 N.Y. 510, 125 N.E. 824, 15 A.L.R. 146.

What happened here is that City Bank received money from Hamilton Bank on checks which it had acquired through forged indorsements and which under the Negotiable Instruments Law were legally uncollectible. D.C.Code 1929, Tit. 22, sec. 24.[2] The conduct of Hamilton Bank in delivering the checks to the husband did not, in the circumstances, preclude it from setting up the forgery of the indorsement. Atlanta Nat. Bank v. Burke, 81 Ga. 597, 7 S.E. 738, 2 L.R.A. 96; National Metropolitan Bank v. Realty Appraisal & Title Co., 60 App.D.C. 86, 87, 47 F.2d 982. In a similar case the Supreme Judicial Court of Massachusetts said: "If one is fraudulently induced to deliver to a person who is not entitled to it a check made payable to another person who is not entitled to payment of it, can his negligence in suffering the fraud to be practiced upon him be found to be a direct and proximate cause of a payment made by the banker on whom the check is drawn, upon a forged indorsement of the name of the payee, without any investigation by the banker as to the genuineness of the indorsement? We think not." Jordan Marsh Co. v. National Shawmut Bank, 201 Mass. 397, 87 N.E. 740, 742, 22 L.R.A.,N.S., 250. See also Murphy v. Metropolitan Nat. Bank, 191 Mass. 159, 77 N.E. 693, 114 Am.St.Rep. 595; Mercantile Nat. Bank v. Silverman, 148 App.Div. 1, 132 N.Y.S. 1017, affirmed 210 N.Y. 567, 104 N.E. 1134; Harlem Co-operative Bldg. & Loan Ass'n v. Mercantile Trust Co., 10 Misc. 680, 31 N.Y.S. 790.

We think the judgment in all respects correct.

Affirmed.

---

[2] Where a signature is forged or made without the authority of the person whose signature it purports to be it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority.