United States Fidelity & Guaranty Company, Plaintiff-Appellee, v. Peoples National Bank of Kewanee, a United States Banking Corporation, Defendant-Appellant.

Gen. No. 11,292.

Second District, Second Division.
February 8, 1960.
Rehearing denied March 2, 1960.
Released for publication March 2, 1960.

Harper Andrews and Campbell Andrews, of Kewanee, for defendant-appellant.

Coyle, Stengel, and Gilman, of Rock Island (Samuel M. Gilman, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE SOLFISBURG delivered the opinion of the court.

This is an appeal arising out of an action at law for damages brought by United States Fidelity & Guaranty Company, a Maryland corporation (hereinafter referred to either as plaintiff or as USF&G) against Peoples National Bank of Kewanee, a United States banking corporation (hereinafter referred to as defendant or bank), based on the cashing of a draft drawn by the plaintiff's adjuster on plaintiff's treasurer at Baltimore, Maryland, payable through the First National Bank of Baltimore, Maryland. The cause was heard by the court sitting without a jury upon the complaint of the plaintiff, the answer of the defendant and the reply of the plaintiff. Judgment was entered in favor of the plaintiff and against the defendant for $2241.84 by a judgment order which recites that the court found the issues for the plaintiff. This appeal followed.

The complaint of the plaintiff consisted of three counts. Count I of the complaint alleged the following facts: Plaintiff was the insurer of one Willis E. Moden on a policy of insurance providing, among other things, for coverage upon a certain tractor for damage caused by malicious mischief; on April 16, 1954, Moden's tractor was damaged by malicious mischief and plaintiff arranged with Roesch-Zeller, Inc., at Springfield, Illinois, to make the repairs which cost $2241.84; on June 1, 1954, plaintiff mailed the draft in question to Willis E. Moden, payable to the order of Moden, Roesch-Zeller, Inc., and Enright Coal Company; on June 9, 1954, Moden presented the draft to defendant bank with only his own name endorsed on the back thereof; the defendant bank credited to the account of Moden the sum of $2316.84 and thereafter honored checks drawn by Moden on the defendant bank for various sums totaling $2316.84; plaintiff promised Roesch-Zeller, Inc. to pay for the repair of

277

said tractor and did so on or about May 26, 1955, to the damage of the plaintiff; the plaintiff is entitled to the recovery of the sum of $2241.84 plus interest at 5% per annum, pursuant to Chapter 74, Section 2, Ill. Rev. Stats. Count II of the complaint repeated all of Count I and in addition alleged that Roesch-Zeller, Inc., on May 26, 1956, assigned to plaintiff all of its rights to said draft. Count III repeated all of the allegations of Count I and in addition averred that defendant endorsed on said draft before collection "Pay to the order of any bank or bankers. All prior endorsements guaranteed." Count II and Count III prayed judgment in the same amount demanded in Count I. In its answer, defendant bank admitted collecting the draft and paying the proceeds to Moden and also, by way of affirmative defense, alleged the negligence of the plaintiff in several respects. The negligence charged was chiefly with regard to payment of the draft without objection to the absence of any endorsements and the failure of plaintiff to notify defendant of any objections until February, 1955. Defendant charged that it relied on the payment by plaintiff in honoring checks by Moden and was thereby damaged.

A considerable portion of defendant's brief is devoted to argument that plaintiff's complaint is based upon the theory of payment of monies under a mistake, for which, according to defendant's argument, plaintiff is not entitled to recover. The plaintiff takes the position that Count I of its complaint presents a direct action by the drawer-drawee for common law conversion against the cashing bank for failure to obtain endorsements of all named payees; that Count II states a cause of action for common law conversion against the cashing bank by the damaged co-payee, Roesch-Zeller, Inc., which did not endorse the draft in question; and that Count III is a cause of action based upon the warranty contained in the endorsement guaranteeing all prior endorsements. While the

278

decided cases on this subject base recoveries upon a variety of theories, including those contended for by the parties here, upon present day concepts of pleading this court will look to the substance of the allegations of the complaint rather than to any technicalities of the now long abolished forms of action. Suffice to say, numerous decisions of appellate tribunals of this state, as well as foreign jurisdiction, permit recoveries by the drawee against the cashing bank in cases of this general kind. The fact that the drawee is also the drawer of the instrument should make no difference in that regard.

■■■■ The defendant in its brief and argument is compelled to acknowledge its fault in failing to secure the endorsements of the payees, Roesch-Zeller, Inc. and Enright Coal Co., before cashing the draft in controversy. The applicable section of the Illinois Negotiable Instruments Act (which is identical with Section 41 of the Uniform Negotiable Instruments Act) provides: "Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse unless the one indorsing has authority to indorse for the others," Chapter 98, Section 61, Ill. Rev. Stats. The decision in this case would be rendered simple were it not for the certain facts with regard to the conduct of the plaintiff insurance company, and to those facts we shall advert shortly. Although decisions involving so-called "missing endorsements" are few and although no reviewing court in Illinois has considered such a case, the Illinois decisions involving forged endorsements and other irregular endorsements provide settled authority for the rule that one called upon to act upon the faith of a written instrument, including an endorsement of commercial paper, must ascertain its genuineness at his peril. The principle rests in public policy and has been universally considered necessary for the security of commercial transactions, Jackson Paper

Mfg. Co. v. Commercial Nat. Bank, 199 Ill. 151; Hamlin's Wizard Oil Co. v. United States Exp. Co., 265 Ill. 156; Geske v. State Bank of Heyworth, 273 Ill. App. 294. The soundness of this principle cannot be seriously questioned. The absence of an endorsement by the holder is, in our view, more serious than a forged endorsement for the reason that the former is easily discernible while the latter is the result of an error in the identification of the payee. If, as has been said, it is the duty of the cashing bank to know to a positive certainty the identification of the payee or the payees named therein and its failure so to do imposes a duty of reimbursing the drawee, it seems abundantly clear that the failure to secure the endorsement of all the payees imposes an even greater duty on the cashing bank. While the defendant bank in this case seeks to find a defense in the position that it was merely acting as an agent for collection on behalf of its depositor, Moden, the record herein and the authorities indicate that in fact this was a deposit available for immediate withdrawal and not a true collection. Finally, it is our conclusion that the rule is that a drawer-drawee and a damaged payee each has a cause of action against a cashing bank for damages sustained where the cashing bank fails to obtain the endorsements of all co-payees on a check or draft, Gustin-Bacon Mfg. Co. v. First Nat. Bank of Englewood, 306 Ill. 179; Independent Oil Men's Ass'n v. Fort Dearborn Nat. Bank, 311 Ill. 278; see also American Nat. Bank v. First Nat. Bank, 277 P.2d 951, (Colorado, 1954).

■ Turning now to a consideration of the matters of defense raised by defendant bank, the defendant first contends that the manner in which the names Roesch-Zeller, Inc. and Enright Coal Company were typed on the draft following the name of Moden created a question as to whether the two companies were payees or part of the address. The draft in question

280

is photocopied in the abstract. The most hasty inspection of it reveals that this contention of defendant has nothing to recommend it. Equally unavailing as a defense is the claim of the defendant that plaintiff was negligent in delivering the draft to Moden and not to the other payees. This same argument under similar facts was made in Ryhiner v. Feickert, 92 Ill. 305, and Hoffman v. First Nat. Bank of Chicago, 299 Ill. App. 290, where the issue was decided adversely to defendant's contention. These courts pointed out that ordinary commercial practice requires the delivery of an instrument to but one of the payees.

More substantial is the defendant's charge, first, that payment of the draft by plaintiff without objection constituted negligence sufficient to bar a recovery, and secondly, failure to notify the defendant of objections for a period of six months constituted negligence or fault which should preclude a recovery by the plaintiff.

The authorities in Illinois, as well as in other jurisdictions, cannot be said to be completely harmonious regarding the duty of a drawer or a drawee to discover a forged, irregular, or defective endorsement and their duty to give notice of the same, but from them certain basic principles can be discerned.

The Illinois Supreme Court has stated on more than one occasion that a drawee, like a drawer or payee, is not under a duty to discover a forged endorsement, but a drawee in order to recover money paid to a cashing bank on a check with a forged endorsement must notify the cashing bank within a reasonable time after discovering the forgery, Bank of Republic v. Kaspar State Bank, 369 Ill. 34; First Nat. Bank v. Northwestern Nat. Bank, 152 Ill. 296. In Independent Oil Men's Ass'n v. Fort Dearborn Nat. Bank, 311 Ill. 278, the defendant cashing bank sought to show that the plaintiff payee should have

281

known of the forgery, but it was held that this was properly excluded. The defendant further sought to show that the plaintiff knew of the forgery for several months and failed to notify defendant. Nevertheless, the court stated that since the plaintiff was under no legal duty to give notice to defendant its failure to exercise care in that regard was not negligence in law and no defense. The court there cited the Hamlin's Wizard Oil Co. case previously cited in this opinion, and Crahe v. Mercantile Savings Bank, 295 Ill. 375; see also Gustin-Bacon Mfg. Co. v. First Nat. Bank, 306 Ill. 179. It is true that the forgery cases are not completely analogous to the fact situation now before us, and there is a tendency in the forgery case opinions not to distinguish clearly between situations involving the forged signature of the maker or drawer and the forged signature of the payee, or both. The only case called to our attention which actually involved a "missing endorsement" is American Nat. Bank v. First Nat. Bank, 277 P.2d 951 (Colorado, 1954) where the appeal arose on the pleadings. The Colorado court made the following significant comment, p. 957: "It seems to be a generally recognized rule of law that in the absence of *actual fault* on the part of the drawee, its failure to observe the fact of the absence of the endorsement of one of the payees, due entirely to the fault or neglect of the holder, will not preclude its recovery." (italics supplied.) Our research likewise supports that proposition.

So far as appears in the record here, it was not until December 24, 1954, that the plaintiff became aware that Moden had obtained the proceeds of the draft without the signatures of his two co-payees. A representative of the defendant company spoke to an employee of the defendant bank on January 5, 1955, with reference to this problem. Defendant's employee, Mr. Eastman, stated on direct examination that the defendant bank honored checks of Moden's at a time

when it was necessary to treat the draft as a deposit in order to honor Moden's checks. He further testified that in view of Moden's credit the bank would not have honored Moden's overdraft. The draft in question was presented to the defendant bank on June 9, 1954, was then sent to defendant's Chicago correspondent bank which endorsed it on June 11, 1954, and the Baltimore Federal Reserve Bank in turn endorsed it on June 14, 1954. It was the testimony of the defendant's employee, Mr. Eastman, that notice of non-payment of this item should have been received by defendant by June 16th or 17th under normal conditions, but the evidence introduced by the plaintiff reveals that on June 17, 1954, the balance in Moden's checking account in defendant bank was $1802.61, on June 24, 1954, $646.26, and on October 14, 1954, 46 cents. It is clear from the record that as soon as the missing endorsements were discovered by the plaintiff it promptly advised the defendant bank. Therefore, the question before us thus resolves itself—Was the failure of the plaintiff to discover the missing endorsements sooner than it did such negligence or fault as to constitute a bar or estoppel which will prevent it from recovering from the cashing bank? The trial judge plainly was of the opinion that the conduct of the plaintiff should not be a bar to its recovery against the cashing bank. This court is drawn to the same conclusion. The fault here of the defendant bank was the proximate and primary cause of the loss, for it was nearer to the improper cashing of the draft than was the drawee-drawer. If we concede that there is a duty upon the drawee to ascertain that payment of the draft or check is made in the manner specified by the drawer, and the drawer has a correlative duty to check endorsements, it must be pointed out, first, that the drawee-drawer are one and the same in this instance, and, more importantly, the failure to discover the absence of proper endorsements was not

shown to be the proximate or inducing cause of any action on the part of the defendant bank. Clearly, the failure on the part of the plaintiff to discover the missing endorsements did not induce the defendant to cash the draft in the first instance, nor does the record reveal that such failure resulted in a change of position by defendant to its detriment. The defendant banking corporation deposited the draft to Moden's account without restriction as to withdrawal and thereafter the depositor, within a matter of approximately two weeks, withdrew practically his entire account. In order to argue that prompt discovery and notice of the missing endorsements on the part of the plaintiff would have aided the defendant, it is necessary that such discovery and notice should have occurred almost immediately after the presentation of the draft to the defendant. The negligence of the drawer-drawee here, if any, would be immaterial unless it was such as directly and proximately affected the conduct of the defendant bank. (Cf. United States Cold Storage Co. v. Central Mfg. Dist. Bank, 343 Ill. 503.) In this case the delay in discovery of irregularities cannot be said to have proximately contributed to the loss suffered.

Since in the view we take of this case the judgment of the trial court might properly have been based upon Count I or Count II of the complaint, it is not necessary for us to consider the issues raised by Count III of the plaintiff's complaint.

For the reasons contained in the foregoing opinion, the judgment of the Circuit Court of Henry County is affirmed.

Affirmed.

CROW and WRIGHT, JJ., concur.