## CIRCUIT COURT OF ARLINGTON COUNTY

Johns-Manville Sales Corp.

v.

Arlington Trust Co., Inc.

December 14, 1972

Case No. (Law) 15311

By JUDGE CHARLES H. DUFF

This matter came on for hearing upon Demurrer of the defendant to the Amended Motion for Judgment previously filed by the plaintiff. Argument of counsel was heard and authorities submitted.

The plaintiff is proceeding essentially on two theories: Paragraphs 8 and 9 allege negligence by the defendant in accepting the check without the plaintiff's endorsement and further that such action is not in accordance with reasonable commercial standards applicable to the banking business. Paragraph 11 alleges that the defendant acquired an imperfect title to the check and that, by allowing the Printz Floor Company to draw against the proceeds, it deprived the plaintiff of its interest in the check and thus converted the plaintiff's property to its own use.

The Demurrer asserts three grounds, *viz.*:

(1) Plaintiff as a joint payee has no individual cause of action;

(2) Lack of privity between plaintiff and defendant,

thus defendant's warranty of good title does not benefit plaintiff;

(3) No allegation of any right on the part of the plaintiff to the proceeds of the check.

After a careful review of the authorities cited and the able argument of counsel, I am of the opinion that the Demurrer should be overruled. As to the first ground, the plaintiff apparently is the only party having a cause of action. The co-payee, Printz Floor Company, has received the entire $10,000.00 and as such would have no claim of damages against the defendant. Section 8.3-116 of the Code does not prohibit the plaintiff under these circumstances from proceeding.

As to the second ground, were the plaintiff proceeding on the warranties contained in § 8.4-207, this ground would appear to have validity. However, plaintiff's Motion for Judgment alleges a claim for damages based upon allegations of negligence and conversion. While the provisions of the U.C.C. may indeed be a propos at the time of proof of these allegations, I cannot hold on Demurrer that lack of privity precludes any other form or theory of recovery.

As regards the third ground of the Demurrer, I am of the opinion that the allegations are sufficient to show that the plaintiff did indeed have an interest in the proceeds of the check. *U.S. F. & G. Company v. Peoples National Bank*, 164 N.E.2d 497, held that a *damaged payee* has a cause of action against a cashing bank for damages sustained where the cashing bank fails to obtain the endorsements of all co-payees on a check. A position similar to the defendant's third ground of Demurrer was asserted in *Pacific Metals Company v. Tracy-Collins Bank and Trust Company*, 446 P.2d 303. In order to avoid liability to the plaintiff, the defendant bank contended that the plaintiff was included as a joint payee only as an act of courtesy for which no consideration was given and that consequently, plaintiff had no interest in the check upon which to base its claim for recovery. The Court commented as follows:

> The law does not require a joint payee in the position of Pacific Metals to show that it gave consideration for becoming payee of a check. It may have been so named for any number of

reasons: e.g., it could represent his interest as a third party beneficiary, or as a donee of a gift . . . however, in accepting the check, it is his duty to comply with the direction of the maker to pay to the order of the named payees.

In *I.N.A. v. Atlas Supply Company*, 172 S.E.2d 632, the Georgia court held a cashing bank to be liable to the plaintiff for the bank's failure to obtain plaintiff's endorsement on the checks involved.

In *Salsman v. National Community Bank*, 246 A.2d 162, the New Jersey Court in its interpretation of the U.C.C. held that the Code clearly implies the liability of a depository or collecting bank in conversion when it deals with an instrument or its proceeds on behalf of one who is not the true owner where the bank does not act in accordance with "reasonable commercial standards." As mentioned above, plaintiff has alleged the defendant's failure in the present action to so act.

I am not unmindful of the opinion in *Arlington Trust Company v. Montgomery Banking and Trust Company*, 278 F. Supp. 106 (E.D. Va. 1968). However, the decision places much emphasis upon the fact that the supplier had been fully paid for all materials which he furnished and thus had sustained no damages. If the defendant at bar can show that the plaintiff has, in fact, been fully paid or has sustained no damages, then the *Arlington Trust Company* decision may be controlling. However, on Demurrer and under the allegations of the Amended Motion for Judgment, it is not dispositive of the issue at this stage.

For the above reasons, the Demurrer will be overruled.