STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Plaintiff, v. JOSEPH F. ROCCO *et al.*, Defendants (Peninsular Fire Insurance Company, Defendant and Third-Party Plaintiff-Appellee; American National Bank and Trust Company of Chicago, Third-Party Defendant-Appellant).

First District (5th Division)   Nos. 84—0215, 84—0704, 84—2331 cons.

Opinion filed March 27, 1987.

Alvin W. DeJong, of DeJong, Poltrock & Giampietro, of Chicago, for appellant American National Bank and Trust Company of Chicago.

Levin & Lipsky, of Chicago (Edward S. Lipsky, of counsel), for appellee Standard Federal Savings and Loan Association of Chicago.

Robert Marc Chemers, of Pretzel & Stouffer, Chartered, of Chicago, for Peninsular Fire Insurance Company.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Standard Federal Savings and Loan Association of Chicago (Standard Federal), filed a complaint against defendants Joseph Rocco and his wife, Helen Rocco (Roccos), for the foreclosure of a mortgage on their property and against defendant, Peninsular Fire Insurance Company (Peninsular Fire Insurance), the insurer of the property. Summary judgment was entered for Standard Federal against the Roccos and Peninsular Fire Insurance. Peninsular Fire Insurance appeals from the summary judgment entered against it.

In a subsequent action, Peninsular Fire Insurance filed a complaint against American National Bank. Summary judgment was entered for Peninsular Fire Insurance. American National Bank appeals from that summary judgment. The two cases have been consolidated on appeal.

The uncontroverted facts are as follows: The Roccos were owners of the property at 3447-51 West Montrose Avenue, Chicago. Standard Federal was the mortgagee of the property, which was insured by defendant, Peninsular Fire Insurance. Standard Federal initiated mortgage foreclosure proceedings on the property against the Roccos. While the mortgage foreclosure proceedings were pending, a fire occurred at the premises. The Roccos hired Lazarus-Willis & Associates to adjust the fire loss. Peninsular Fire Insurance issued its draft in the amount of $41,378 payable to Standard Federal, the mortgagee; Joseph and Helen Rocco, the owners; and Lazarus-Willis & Associates in settlement of the fire loss. The Roccos and Lazarus-Willis & Associates endorsed the draft, after which the Roccos delivered it to their attorneys, DeJong, Poltrock and Giampetro, who placed the following endorsement on the draft:

"Pay to the order of American National Bank & Trust Company of Chicago, Illinois 60690, For Deposit Only, DeJong, Poltrock and Giampetro, Clients Fund Account 00209 724."

The draft was deposited in DeJong, Poltrock and Giampetro's clients' fund account at American National Bank. American National forwarded the draft to Southeast First Bank of Jacksonville, Florida (Southeast Bank), for collection. Southeast Bank submitted the draft to Peninsular Fire Insurance for approval. An accounting clerk employed by Peninsular Fire Insurance noted that the endorsement of Standard Federal was missing from the draft. The clerk circled Standard Federal's name as payee on the front of the draft and returned it to Southeast Bank. Southeast Bank stamped "ENDORSEMENT MISSING" on

the front upper right-hand corner of the draft and returned it through banking channels to American National. Upon receipt of the draft, American National stamped the following on the back of the draft:

"Credited to the account of the within named payee. *Absence of endorsement guaranteed.* American National Bank & Trust Company of Chicago, Illinois." (Emphasis added.)

American National Bank again submitted the draft to Southeast Bank for collection. Upon receipt of the draft, Southeast Bank transferred the funds for the draft to American National. Standard Federal did not endorse the draft or receive any proceeds therefrom. Standard Federal alleged that Peninsular Fire Insurance had breached its contractual obligations as the maker and drawer of the draft and was negligent in permitting payment of the draft.

Summary judgment for Standard Federal against Peninsular Fire Insurance was granted.

■ Summary judgment will lie where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Whether there is any material issue to present to the trier of fact, is, in the first instance, a question of law to be determined by the court. (*Alexander v. Standard Oil Co.* (1981), 97 Ill. App. 3d 809, 814, 423 N.E.2d 578.) The facts in the case at bar are uncontroverted that the draft was cashed without Standard Federal's endorsement. A provision on the back of the draft read:

"IMPORTANT

This instrument will not be paid unless it bears endorsement of all parties named as payees. If endorsement is made by an attorney or other representative, satisfactory evidence of authority must accompany instrument. Endorsement of this instrument constitutes a release in full for account as stated herein."

Peninsular Fire Insurance's obligation to pay insurance proceeds to Standard Federal, the mortgagee, was not discharged because Standard Federal never received any of the proceeds from the draft issued by Peninsular Fire Insurance.

■ We conclude that the trial court did not err in the entry of summary judgment for Standard Federal against Peninsular Fire Insurance.

Peninsular Fire Insurance's action against American National alleged that American National was guilty of negligence in accepting the draft for payment and collection without the endorsement of Standard Federal and that if Peninsular Fire Insurance was found liable to Standard Federal, then Peninsular Fire Insurance was entitled to reimbursement from American National. The trial court granted summary

judgment for Peninsular Fire Insurance against American National Bank.

When Southeast Bank noticed that Standard Federal's endorsement was missing, it returned the draft to American National. American National stamped on the draft:

"Credited to the account of the within named payee. *Absence of endorsement guaranteed.* American National Bank & Trust Company of Chicago, Illinois." (Emphasis added.)

It was held in *Smith v. General Casualty Co.* (1979), 75 Ill. App. 3d 971, 973, 394 N.E.2d 804, that where the drawer is found liable to the payee for conversion, the drawer can pass the loss back until the loss is ultimately cast upon the bank or institution responsible for the loss.

Courts have taken the view that an absent endorsement is more serious than a forged endorsement for the reason that the former is obvious and easily discernible, while the latter is the result of an error in the identification of the payee. (*United States Fidelity & Guaranty Co. v. Peoples National Bank* (1960), 24 Ill. App. 2d 275, 280, 164 N.E.2d 497.) The missing endorsement and the endorsement, "Credited to the account of the within named payee, absence of endorsement guaranteed. American National Bank and Trust Company of Chicago, Illinois," obligated American National Bank to pay the payee whose endorsement was missing and whose endorsement American National Bank guaranteed, Standard Federal, to whom Peninsular Fire Insurance had issued the draft.

■■■ A payee may recover from a drawer for payment on a draft which did not contain the payee's endorsement on an endorsement by the cashing bank guaranteeing the payee's missing endorsement. In *United States Fidelity & Guaranty Co. v. Peoples National Bank* (1960), 24 Ill. App. 2d 275, 283, 164 N.E.2d 497, we noted that for purposes of maintaining an action, the drawer and drawee may be considered one and the same. In the instant case, this would mean that Peninsular Fire Insurance had the same right that Southeast Bank had against American National. Peninsular Fire Insurance exercised its right and chose to proceed against American National, and the trial court correctly entered summary judgment in favor of Peninsular Fire Insurance against American National Bank.

For the foregoing reasons the judgments of the trial court in consolidated case numbers 84—0215, 84—0704, and 84—2331 are affirmed.

Affirmed.

LORENZ and MURRAY, JJ., concur.