Olga A. Crahe, Appellant, v. Mercantile Trust and Savings Bank, Appellee.

Gen. No. 25,109.

1. SIGNATURES, § 3*—*when evidence is sufficient to show genuineness.* Where plaintiff whose name appears on a document testifies, on examination by the court, that the signature resembles hers and may or may not be hers, that she does not remember signing the paper, that her previous statements, on examination by counsel, that the signature was not hers were based on the fact that she did not recollect signing the instrument and that the signature might or might not be hers and resembled hers, and a handwriting expert testifies, on comparing such signature with admittedly genuine signatures of plaintiff, that they were all made by the same person, such evidence is sufficient to support a special finding by the trial court that plaintiff had signed the document.

2. ATTORNEY AND CLIENT, § 61*—*what is extent of attorney's authority to sign client's name.* An attorney at law cannot generally be said to have implied authority to indorse his client's name in such a way as to bind the client as indorser.

3. ATTORNEY AND CLIENT, § 61*—*when power to sign client's name in settlement is implied.* Where an attorney at law is employed, whether by a local or a nonresident client, to bring suit on or adjust a claim for damages and collect the amount recovered or agreed upon in settlement, he has implied authority to indorse his client's name for the purpose of accomplishing collection of the claim and as a proper means to that end, and where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCXVIII 32

such indorsement is made it will be sufficient to protect a bank paying a check given by the judgment debtor in settlement of the claim, and the application of such rule is not affected by the fact that the attorney misrepresents to the client the amount recovered or paid in settlement.

Appeal from the Municipal Court of Chicago; the Hon. LEO J. DOYLE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Affirmed. Opinion filed July 7, 1920.

JAMES J. BARBOUR and EDWARD H. S. MARTIN, for appellant.

ADAMS, CHILDS, BOBB & WESCOTT, for appellee; F. M. HARTMAN, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal by the plaintiff, Olga A. Crahe, from a judgment for defendant—that plaintiff take nothing by her suit and for costs—in an action in tort for the alleged conversion of a check, based upon a finding of not guilty by the court without a jury.

The plaintiff had recovered a verdict in the sum of $1,000 in an action brought by her against the Chicago City Railway Company. Some time later her attorney, J. Marion Miller, gave her a check for $212, telling her he was only able to collect $300 from the defendant and that he would use the difference between that amount and the amount of the check to defray certain expenses of the trial. The check referred to was dated June 4, 1915. The plaintiff testified that she subsequently learned that Miller had died in the penitentiary and that she then suspected that he might have cheated her in handling her case so she went over to the office of the street railway company and there for the first time learned that the company had on June 7, 1915, given Mr. Miller a check for $761.85 drawn to the order of "Olga A. Crahe, Judgment Creditor and J. Marion Miller, Atty.

for Judg. Creditor.'' This check was then exhibited to the plaintiff, indorsed ''Olga A. Crahe, Judgment Creditor; J. Marion Miller, Att'y for Judgment Creditor; J. Marion Miller.'' This occurred in August, 1918. The plaintiff then advised the defendant, being the bank on which the check was drawn, that her indorsement on the check was a forgery and that her attorney Miller was without any authority to indorse her name on the check and she brought this action to recover the proceeds of the check less the $300 for which Miller had accounted to her.

On cross-examination the plaintiff was shown a receipt dated June 5, 1915, acknowledging receipt of $761.85 ''in full settlement for satisfaction of judgment in case of *Olga A. Crahe v. Chicago City Railway Company* * * * in which the judgment is for $750 and costs, which is herewith settled in full for the above amount. * * * Olga A. Crahe (Seal). Judgment Creditor; Signed: J. Marion Miller (Seal) Attorney for Judgment Creditor,'' and she was asked if that was her signature on the receipt and, she replied, ''I believe it is.'' She later said she was not sure but she believed it was not,—it might be or it might not be. Still later she was recalled to the stand and again shown this receipt and asked whether what purported to be her signature on the receipt was in her handwriting and she said ''it resembles my handwriting.'' She was then asked whether she did sign the receipt and she said she did not.

The plaintiff was also shown a satisfaction of the judgment in question also purporting to be signed by her, which was not dated. She said she was positive that what purported to be her signature thereon was not her signature. She later testified as to this that it ''resembles my signature. I cannot say whether it is my signature. I did not sign any such paper to my knowledge.'' Upon being examined by the court as to her purported signature to the satisfaction of

the judgment she said she believed it was not her signature,—"I am not positive. * * * It resembles my signature. That is all I can say about it. I do not remember signing any such paper." She further testified, in reply to questions put by the court, that when she said what purported to be her signatures to the receipt and the satisfaction of the judgment were not her signatures, those statements were based upon the fact that she did not recollect signing such instruments but that so far as the signatures themselves were concerned, they might be hers or might not be,— they resembled her signature. A handwriting expert testified that upon a comparison of her purported signatures on the receipt and the satisfaction of the judgment with admittedly genuine signatures of the plaintiff, he was of the opinion that they were all made by the same person. On this evidence we are of the opinion that the special findings of the trial court that the plaintiff had signed the documents were fully warranted.

We are of the opinion that Miller had implied authority to indorse the plaintiff's name on the check in question for the purpose of collection. The plaintiff had employed him as her attorney to collect such damages as she might establish against the Chicago City Railway Company in connection with a suit she brought against that company. We believe the evidence warrants the inference that she signed the receipt and satisfaction of judgment and delivered those documents to Miller to be given to the Chicago City Railway Company when the claim was settled. Of course, it will not be denied that when she signed those documents and gave them to Miller and he took them to the railway company, he was clothed with full authority from her to receive $761.85 in full settlement of her claim, in cash, and if he had received that amount in cash and misappropriated it, the plaintiff could have no further claim against the railway com-

pany. If Miller received a check instead of the cash, drawn to the order of his client and himself, he was clothed with authority to indorse the plaintiff's name on the check for the purpose of collection, and if he did so and received the amount of the check in cash from the bank on which it was drawn, and misappropriated it, the plaintiff has no claim against the bank. While an attorney at law cannot generally be said to have implied authority to indorse his client's name in such a way as to bind the client as an indorser, we hold that where he is employed to bring suit upon or adjust a claim for damages and collect the amount recovered or agreed upon in settlement, he has implied authority to indorse his client's name for the purpose of accomplishing collection of the claim, and as a proper means to that end, and where such indorsement is made it will be sufficient to protect a bank paying a check given by the judgment debtor, in settlement of the claim. *National Bank of the Republic v. Old Town Bank of Baltimore,* 112 Fed. 726; *National Fire Ins. Co. v. Eastern Building & Loan Ass'n,* 63 Neb. 698; 65 Neb. 483; *North End Paper Co. v. State Bank of Chicago,* 198 Ill. App. 242.

We do not deem it essential to the application of this rule that the attorney be representing his client in a distant city. While the facts involved in the cases referred to are somewhat different from those involved in the case at bar, we believe that the principle which those cases followed is applicable here.

It can make no difference that the plaintiff did not know that her attorney either had collected or was about to collect $761.85 from the railway company instead of $300, or that she did not become aware of it until several years later, if such is the fact. It being established that she signed the receipt naming that amount, she must be charged with such knowledge. In any event, as her attorney Miller had implied authority to indorse her name on the check for the pur-

pose of collection, the plaintiff had no right of action against the defendant at any time.

We find no error in the record and therefore the judgment of the municipal court is affirmed.

*Affirmed.*

MR. PRESIDING JUSTICE TAYLOR and MR. JUSTICE O'CONNOR concur.