CITY TRUST COMPANY, Appellant, *v.* LEONARD P. BOTTING and Another, Respondents.

Supreme Court, Appellate Term, Second Department, November 28, 1930.

*Quincy D. Baldwin*, for the appellant.

*Solomon Levinson*, for the respondent.

*William Klein*, for the defendant Times Square Trust Company.

PER CURIAM. Judgment in favor of City Trust Company against Botting unanimously reversed upon the law, with $30 costs to defendant Botting, and judgment directed for the defendant Botting, and against the City Trust Company for the sum of $978.20, with interest and appropriate costs in the court below. Judgment in favor of Times Square Trust Company against City Trust Company unanimously reversed upon the law, with $30 costs to City Trust Company, and judgment directed in favor of the City Trust Company against the Times Square Trust Company in the sum of $1,000, with interest and appropriate costs in the court below.

The defendant Botting had funds on deposit with the City Trust Company. He drew two checks against such funds to the order of the Industrial Securities Company. The checks did not bear the indorsement of the payee but of the Industrial Bankers' Corporation. The checks were deposited by the latter corporation with the Times Square Trust Company, which credited the account of the indorser and stamped upon such checks, "All prior indorsements guaranteed." These checks cleared through the Federal Reserve Bank of New York and were paid by the City Trust Company, the drawee bank, and charged to the account of Botting.

The proof that the checks were paid by the City Trust Company without the indorsement of the payee established *prima facie* a misappropriation of Botting's funds, and the burden devolved upon the City Trust Company of proving that payment was made to the proper party. The claim that the checks were transferred without indorsement is not sustained by the proof. Section 79 of the Negotiable Instruments Law provides: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, the

right to have the indorsement of the transferrer. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made." The proof does not establish that the Industrial Bankers' Corporation was a transferee of the instruments or that it had paid value for them. While possession of an indorsed negotiable order instrument gives the holder with possession a legal presumption of ownership (Neg. Inst. Law, § 98), no such presumption obtains in the case of a transfer without indorsement, and such transfer must be proved by the holder. (*Korn* v. *Davis*, 172 N. Y. Supp. 440; *Meuer* v. *Phenix Nat. Bank*, 87 App. Div. 281; *Escamilla* v. *Pingree*, 44 Utah, 421; 141 P. 103; *Dorn* v. *Parsons*, 56 Mo. 601.)

The Times Square Trust Company is liable to the City Trust Company by reason of its warranty that all preceding indorsements were genuine and that it had good title to the checks. (Neg. Inst. Law, §§ 115, 116.) Such a guaranty covers a missing indorsement. (See Paton's Digest, § 2799.) The defendant Botting was under no duty to inspect his vouchers for irregularities in indorsement. (*Paton Co.* v. *Guaranty Trust Co. of New York*, 227 App. Div. 545; *National Surety Co.* v. *President, etc., of Manhattan Co.*, 252 N. Y. 247.) In addition, there was no privity of contract between Botting and the Times Square Trust Company. There was likewise no duty owing by the City Trust Company to the respondent Times Square Trust Company to inspect the indorsements on the checks. (*American Exchange Nat. Bank* v. *Yorkville Bank of New York*, 122 Misc. 616; affd., 210 App. Div. 885.) There being no duty owing by the City Trust Company to the Times Square Trust Company, there can be no basis for the claim of negligence, and, therefore, the claim of estoppel by negligence fails.

Present, CROPSEY, MACCRATE and LEWIS, JJ.