## 28730. HAMILTON NATIONAL BANK *v.* COMMERCIAL BANK.

DECIDED FEBRUARY 27, 1941. REHEARING DENIED APRIL 1, 1941.

*Robert D. Tisinger,* for plaintiff in error.

*Boykin & Boykin,* contra.

FELTON, J. (After stating the foregoing facts.)

■ One of the grounds upon which a drawee bank may collect from a collecting bank the amount of a check upon which the maker's signature has been forged is that the collecting bank has been guilty of negligence which proximately contributed to the fraud or misled the drawee bank. 9 C. J. S. 767, 768, § 358; 121 A. L. R. 1056. The only ground upon which the Commercial Bank contends the defendant bank is liable is that the Read House, payee of the check, was negligent in not ascertaining that the person who signed the check as maker was not T. R. Williamson. There was no evidence that the Hamilton National Bank was negligent, and the verdict was without evidence to support it. *Cairo Banking Co.* v. *West,* 187 *Ga.* 666 (2 S. E. 2d, 91, 121 A. L. R. 1048), is not authority to the contrary. The last sentence in the second division of the opinion is as follows: "In the circumstances such liability to the Cairo Banking Co. would not exist merely in virtue of the statutory warranties imposed upon indorsers, but it would rest upon negligence in accepting the checks under suspicious circumstances without inquiry as to their genuineness, and indorsing them in a manner tending to mislead and cause the drawee bank to pay them without detecting the forgery, thus contributing to the successful result of the forgery." It must be borne in mind that in that case checks were payable to fictitious payees whose names were indorsed on the checks by the alleged forger, and that decision was on general demurrer only. The case of *Woods* v. *Colony Bank,* 114 *Ga.* 683 (40 S. E. 720, 56 L. R. A. 929), was decided on demurrer. By the overwhelming weight of authority the last indorser on a check who presents it to the drawee for payment makes no warranty to the drawee as to the genuineness of the maker's signature. 12 A. L. R. 1104; 71 A. L. R. 340; 121 A. L. R. 1056; Brannan's Negotiable Instrument Law (6th ed.) 816, § 66, and cit. In Railway Express Agency *v.* Bank of Philadelphia, 168 Miss. 279 (150 So. 525), it was said: "Bank

checks are very largely used as currency in the business of this country, and there should be some point at which the question of the genuineness of the signature should be finally settled, so that confidence may be reposed in this medium of exchange. When a check is presented to a bank, that bank is charged with the duty of knowing, or ascertaining, the genuineness of the signature of its depositor. It is in a better position to know than any other person, except the person who forged the instrument, when forged, or one who had actual knowledge of such forgery, or, at least, such clear and convincing circumstances as would impute knowledge that the signature was forged. Where a person accepts a check in the ordinary course of business, in good faith, the bank on which it is drawn having cashed it, the bank should not be allowed to recover the money so paid. To hold that it could, would unsettle the confidence reposed in commercial paper, and would, to a great extent, unsettle business transactions, and this result should be avoided if it can be reasonably done." In cases such as this, where the indorsing bank or party to whom the drawee pays the check is not shown to have been negligent or to have misled the drawee, in determining upon whom the loss, due to the forgery of a maker's signature, should fall, the contest should be between the drawee and the indorser of the check whose negligence tended to mislead the drawee. Another and innocent indorser should not be forced to litigate simply because it happened to be the party collecting the check from the drawee. The negligence of the Read House is not imputable to the Hamilton National Bank for the reason that its indorsement was merely a receipt for the money, under the authorities cited, and was not otherwise a contract with any one, so far as the drawer's signature was concerned. Under the authorities cited, the evidence did not authorize a verdict against the Hamilton National Bank.

■ The court did not err in allowing the amendment to the declaration in attachment and in overruling the general demurrers. It is not deemed necessary to pass on the other assignments of error not covered by the ruling in the first division of this opinion. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*