## No. 17,267.

### American National Bank of Denver *v.* First National Bank of Denver et al.
(277 P. [2d] 951)

Decided December 20, 1954.

558

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. FRITZ A. NAGEL, Mr. JOHN W. LOW, for plaintiff in error.

Messrs. HUGHES & DORSEY, Mr. THOMAS KEELY, for defendant in error First National Bank of Denver.

Mr. PHILIP HORNBEIN, Mr. PHILIP HORNBEIN, JR., Mr. ROY O. GOLDIN, for defendant in error Hereford State Bank.

Messrs. HODGES, SILVERSTEIN, HODGES & HARRINGTON, Mr. MARTIN J. HARRINGTON, Amici Curiae.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the Court.

THE AMERICAN NATIONAL BANK OF DENVER, a national banking association, instituted an action against The First National Bank of Denver, a national banking association, and The Hereford State Bank, a banking corporation organized under the laws of the State of Colorado, seeking judgment in the sum of $5050.00, together with interest thereon from February 17, 1953.

The complaint contains two causes of action, in the first of which recovery is sought under the provisions of our Negotiable Instruments Law (sections 1-196, chapter 112, '35 C.S.A.), while the second thereof is based on the allegation therein that payment was made "without consideration and paid by it [plaintiff] to them by mistake * * *."

Each defendant filed separate motions to dismiss the complaint because plaintiff failed to state a claim therein. Upon hearing on said motions, the same were granted, and plaintiff, electing not to amend its complaint, judgment was entered in favor of defendants, and the action was dismissed. Plaintiff brings the cause to this Court by writ of error seeking a reversal of the judgment.

We will herein refer to the parties by name or as plaintiff and defendants as they appeared in the trial court.

The facts giving rise to this action, as set out in the complaint, are substantially as follows: Hugo Sills Motors, a depositor in plaintiff's bank, on November 21, 1952, issued its check in the sum of $5050.00 payable to the order of "Frontier Motor Co. & General Credit Cheyenne, Wyo." On the face of said check appeared the

following, "By endorsement this check is accepted in full payment of the following account" listing two 1952 automobiles with the motor numbers thereof. There also appears on the face of the check, "Know Your Endorser —Require Identification." The above check, when it was presented to defendant Hereford, bore the following endorsement *only*, "Pay to the Order of The Hereford State Bank Hereford, Colorado For Deposit Only Frontier Motor Co."

It appears that The Hereford State Bank, on the endorsement of the Frontier Motor Co., credited it with $5050.00, and then endorsed the check, "Pay to the Order of Any Bank, Banker or Trust Co. Prior endorsements guaranteed Hereford State Bank 82-418 Hereford, Colo. 82-418" and the check thus endorsed was sent through banking channels to The American National Bank of Cheyenne, Wyoming (which is not a party hereto) and by it was sent to defendent The First National Bank, each thereof having endorsed the check, "Pay to the Order of any Bank, Banker or Trust Co. Prior endorsements guaranteed." Defendant First National Bank then presented the check to plaintiff through the Denver Clearing House; it was paid, and charged by plaintiff to Hugo Sills Motors deposit. Hugo Sills Motors, the maker and drawer of the check, objected to the payment thereof because "General Credit endorsement was not thereon." and General Credit having refused to endorse the check, plaintiff reimbursed Hugo Sills Motors in the amount of $5050.00 by paying said amount to General Credit.

The parties hereto are in agreement that: 1. Plaintiff is not a holder in due course; 2. The question here presented is one of first impression in the State of Colorado.

We find the following in plaintiff's brief: "The only question to be determined in this action is whether the plaintiff in error, drawee of a check payable to two payees, being endorsed by only one of them, having wrongfully charged the check against the account of the

drawer and having reimbursed the drawer, may have recourse against the defendant banks, who [which] endorsed the check 'Pay to the Order of any Bank, Banker or Trust Co. Prior Endorsements guaranteed.' or with a similar endorsement." Notwithstanding which plaintiff still insists that its second claim is not vulnerable to a motion to dismiss. We shall undertake to consider these questions in the order presented.

1. Our "Negotiable Instruments Law" is chapter 112, '35 C.S.A., and reference herein to sections will be as the same are found therein.

Under section 1 the check involved herein was a negotiable instrument payable to two or more payees (section 8). "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. * * * if payable to order it is negotiated by the indorsement of the holder completed by delivery." Section 30. "The endorsement must be an endorsement of the entire instrument * * *." Section 32. If an instrument is payable to the order of two or more payees, who are not partners, all must endorse unless the one endorsing has authority to endorse for others. Section 41. If an instrument is negotiable in its origin, negotiability continues until restrictively endorsed or discharged by payment or otherwise. Section 47. "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferer had therein." together with the right of the transferee to require the endorsement of the transferer if the endorsement was omitted by mistake, accident or fraud. Section 49. "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. Section 56. While every holder is presumed to be a

holder in due course, nevertheless, when it is shown that the title of any person who negotiates the instrument is defective, the burden is on the holder to prove that he, or one under whom he claims, acquired the title as a holder in due course. Section 59. One negotiating an instrument warrants its genuineness, his good title, and that all prior parties had capacity to contract, and he has no knowledge of any fact impairing its validity or rendering it valueless. Section 65. Every endorser endorsing without qualification warrants the matters contained in the first three subdivisions of section 65, and at the time of his endorsement the validity of the instrument. Section 66.

██ ██ The citation of authorities is unnecessary to establish the rule that the relationship between a bank and a depositor is that of debtor and creditor. Likewise it is unnecessary to cite authority to establish that a bank's obligation to its depositor is to pay out his funds *only* to him or upon his written order. In the instant case the depositor instructed plaintiff to pay out its funds to Frontier Motor Co. & General Credit, Cheyenne, Wyo., notwithstanding which Hereford, upon the presentation of the check by Frontier Motor Co., with its sole endorsement thereon, disregarded the explicit written instructions of the drawer of the check and credited the entire amount thereof to the account of one endorsee only.

In addition to the explicit instructions of the drawer of the check, Hereford was charged with the knowledge that it was payable to the two payees therein for the specific purposes of acquiring title to two automobiles described on the face of the check. Hereford, upon crediting the amount of the check to the account of the Frontier Motor Co., then endorsed the check as hereinbefore noted and sent it through banking channels to the drawee for payment through the Denver Clearing House. The drawee, upon payment through the Denver Clearing House, charged the amount of the check to the account

of the drawer, and, upon its protest, recredited the drawer's account. It thereby became subrogated to any of the rights of the drawer.

Plaintiff takes the position that there was no duty resting upon it to examine the endorsement on the check here involved, and relies upon our decision in *Interstate Trust Company v. United States National Bank,* 67 Colo. 6, 185 Pac. 260, wherein it is stated: "It is a settled rule that a person who presents for payment checks such as are here involved guarantees the genuineness of the check, *and the drawee bank need concern itself with nothing but the genuineness of the signature, and the state of the account with it of the drawee.* (citing authority)." (Italics ours.)

Our consideration of the opinion, as well as a study of the briefs submitted for consideration in the above entitled case convinces us that the portion of the opinion cited above, wherein it is said, "the drawee bank need concern itself with nothing but the genuineness of the signature, and the state of the account of it with the drawee." is dictum, and is no fulfillment of the duty which the drawee bank owes to its depositor. The drawee bank is authorized to pay out funds belonging to its depositor when, and only when, the check is endorsed by the payees therein, or by persons who have satisfied it or the bank to which the check is presented for payment of their right to the proceeds. We believe it to be the duty of the bank upon which a check is drawn to satisfy itself that it is correctly endorsed; however, it cannot determine, in many instances, whether the endorsement is forged or genuine, but must rely, as it has a right to do, upon the responsibility of the last endorser. It may be a banking practice to rely upon the financial responsibility of an endorsing bank which guarantees previous endorsements, but notwithstanding the statement in the opinion of *Interstate Trust Company v. United States National Bank, supra,* that practice does not in the slightest degree relieve the drawee bank of its duty to the

drawer to investigate the endorsement on the check in order that it may determine whether there is a full compliance with the written order of the drawer by an endorsement, even though not genuine.

It should be noted that in *Interstate Trust Company v. United States National Bank, supra,* the checks involved were altered checks, and with the alterations, which escaped detection, the payee who endorsed the check was the identical person who was specified in the check.

Plaintiff refers to the absence of the endorsement of the payee General Credit Co., Cheyenne, Wyoming, as a "missing endorsement," and relies upon the decision in *City Trust Company v. Botting,* 248 N.Y.S. 204, in support of his contention that the banks through which the check in the instant case cleared are liable to plaintiff for the full amount of the check. In the City Trust Company case the checks were drawn by Botting against his funds in the City Trust Company in favor of the Industrial Securities Company. The checks were presented and cashed at the Times Square Trust Company with the sole endorsement thereon of the Industrial Bankers Corporation. The Times Square Trust Company endorsed on the checks, "All prior endorsements guaranteed." In a suit by the City Trust Company, it having paid the check upon presentation to it through the Clearing House and charged it to Botting's account, judgment was entered in favor of the Trust Company for the amount of the checks, and in connection therewith it was said: "The Times Square Trust Company is liable to the City Trust Company by reason of its warranty that all preceding indorsements were genuine and that it had good title to the checks. Negotiable Instruments Law §§115, 116. Such a guaranty covers a missing indorsement. See Paton's Digest §2799. * * * There was likewise no duty owing by the City Trust Company to the respondent Times Square Trust Company to inspect the indorsements on the checks [citing cases] * * *."

By referring to section 2799 of Paton's Digest, we find the following rather interesting comment on the question submitted: "Are the stamped words by indorsing bank, 'All previous indorsements guaranteed,' sufficient to cover a missing indorsement of the payee or indorsee? Opinion: It seems there are no decided cases wherein the specific question has been determined whether the words 'Indorsement guaranteed' or 'Previous indorsements guaranteed' operate as a guaranty of an absent or missing indorsement. * * * But in the instant case there is no indorsement. In the absence of judicial precedent where the payee's name does not appear as an indorser, it seems safer to require a guaranty sufficiently worded, 'Prior indorsements, including missing indorsement, guaranteed.' Although probably such a guaranty, i.e., a simple guaranty of indorsement, would, if the question came up squarely for judicial determination be construed as possessing equal strength."

▆▆ Under our "Negotiable Instruments Law" an endorsement must be written on the instrument or upon a paper attached thereto, and the signature of the endorser without additional words is a sufficient endorsement. Section 31. It will be noted that the endorsement by the several banks in the instant case was "Previous Endorsements Guaranteed," and under *City Trust Company v. Botting, supra,* it is held that this quoted endorsement includes a missing endorsement. We are unable to understand by what construction or legerdemain this endorsement could be so extended.

We feel obliged to differ with Paton on his rather uncertain, speculative answer, supra, which cannot be given weight in view of the mandatory provisions of our "Negotiable Instruments Law."

▆▆ We understand that by our "Negotiable Instruments Law" we adopt the common-law rule providing that where a check is payable to the order of two or more persons who are not partners, all of them must endorse unless the one so doing has authority to endorse

for the other payees, and this joint endorsement is necessary for a complete negotiation. Under the common law, as well as by our "Negotiable Instruments Law," where one of the payees fails to endorse, the negotiability of the check is completely destroyed. *Mills v. Pope,* 90 Mont. 569, 4 P. (2d) 485; *Rosecky v. Tomaszewski,* 225 Wis. 438, 274 N.W. 259; *Bonuso v. Shroyder Loan & Finance Co., Inc.* (D.C. Mun. Ct. App.) 37 A. (2d) 760; *Newton County Bank v. Holdeman,* 223 Mo. App. 164, 9 S.W. (2d) 852. The holder of the check, after this failure to endorse, acquires the interest of an assignee only, and as such his interest in the proceeds of the check are to be determined.

We conclude that when defendant Hereford, being charged with the absolute and specific duty of determining that the payees in the check endorsed the same if it was to become a holder in due course, neglected so to do, and accepted the check with the endorsement of Frontier Motor Company only thereon, it acquired only such interest in the check as Frontier Motor Company had therein. Hereford acquired an assignment of Frontier's interest in the check and could not, without the endorsement of the co-payee, transfer title thereto as a negotiable instrument. At best Hereford acquired an interest in a non-negotiable chose in action. *Blake v. Weiden,* 291 N.Y. 134, 51 N.E. (2d) 677; *Hopple v. Cleveland Discount Co.,* 25 Ohio App. 138, 157 N.E. 414; *Hoffman v. First National Bank of Chicago,* 299 Ill. App. 290, 20 N.E. (2d) 121; *Plattsmouth State Bank v. Redding,* 128 Neb. 268, 258 N.W. 661; *Schoolfield v. Barnes,* 18 Tenn. App. 333, 77 S.W. (2d) 66; *Bonuso v. Shroyder Loan & Finance Co. Inc., supra; Karsner v. Cooper,* 195 Ky. 8, 241 S.W. 346, 25 A.L.R. 159; *Edgar v. Haines,* 109 Ohio St. 159, 141 N.E. 837; *Columbia Hotel Co. v. Rosenberg,* 122 Ore. 675, 260 Pac. 235; *Conrad v. James,* 174 Okla. 54, 49 P. (2d) 718; *Bank of Marshall County v. Boyd,* 308 Ky. 742, 215 S.W. (2d) 850; *Home Indemnity Co. v. State Bank of Fort Dodge,* 233 Ia. 103, 8 N.W. (2d)

757; *Foxman v. Hanes,* 218 N.C. 722, 12 S.E. (2d) 258; *Fink v. Scott,* 105 W. Va. 523, 143 S.E. 305; *Virginia-Carolina Joint Stock Land Bank v. First & Citizens Nat. Bank of Elizabeth City,* 197 N.C. 526, 150 S.E. 34; 2 Daniels on Negotiable Instruments (7th ed.), p. 787, sec. 758.

We hold that in the instant case neither Hereford nor the other banks through which the check here considered was channeled, became holders in due course. The authorities are in unanimity on the proposition that our "Negotiable Instruments Law" is applicable only to negotiable instruments, and the rights and duties arising thereunder. The provisions thereof are not helpful in determining the relative rights and liabilities of the parties to this litigation.

We conclude that neither Hereford nor other endorsees on the check here in question became holders in due course, and that by reason of the absence of the endorsement of General Credit, Cheyenne, Wyo., the check became a non-negotiable chose in action.

The provisions of our "Negotiable Instruments Law," being applicable to negotiable instruments and the negotiation thereof, it is our opinion that the trial court correctly determined defendants' motions to dismiss plaintiff's first claim.

2. As hereinbefore noted, the second claim is based upon money paid by plaintiff to defendants "without consideration and paid by it by mistake on or about November 24, 1952." This claim was held vulnerable to defendants' motion to dismiss.

We have hereinbefore determined that the check in question never was negotiated. It was, in fact, a non-negotiable chose in action; no bank through which it was channeled became a holder in due course, and their liability as endorsees is not to be measured by our "Negotiable Instruments Law," but rather with those rights arising out of an assignment of a non-negotiable instrument. At best, Hereford was entitled to retain only the

568

financial interest that Frontier Motor Co. had in the check in question.

A rather exhaustive examination of the authorities has led us to few decisions in which the question of a "missing endorsement" on a check payable to two payees was determined, although there are numerous cases where the endorsement was forged. It should be noted that defendants herein are The First National Bank of Denver and the Hereford State Bank. Defendants admit that the check here in question was cashed by defendant Hereford upon the endorsement of Frontier Motor Company only. The endorsements on the check clearly indicate that the check, being channeled through banking channels, came first to the American National Bank, Cheyenne, Wyoming, and by it was sent to the First National Bank of Denver, and paid to the First National Bank through the Denver Clearing House. It is a generally recognized principle of law that the drawer of a check is entitled to designate the payee to whom payment is to be made, and it also is a recognized rule of law that any bank or person cashing the drawer's check does so at its or his peril, being obligated to pay the same only upon the genuine endorsement by the payees named therein.

The unusual recitals on the face of the check would call to the attention of a reasonably prudent person the purpose for which it was given to the payees. These recitals clearly indicated that the drawer had issued his check in full payment to the payees therein for two automobiles thereon described, and at the bottom of the check there was a notation warning Hereford to know its endorsers and require identification. It must be presumed that Hereford was sufficiently conversant with banking laws to know that title to the check as a negotiable instrument could not be acquired except upon the genuine endorsement by the two payees named therein, notwithstanding which Hereford honored the check by placing the same to the credit of Frontier and

passing it through banking channels with an endorsement thereon guaranteeing all thereof.

As we have said, neither Hereford nor the other banks, through which the check was channeled, became holders thereof in due course. The drawer of the check, by his designation of the payees therein, in effect issued a definite order to the drawee bank and all others to whom the check might be presented for payment that it was to be paid only in accordance with his order to the payees therein named. When Hereford endorsed the check "Prior Endorsements Guaranteed" the banks through which the check passed may have chosen to honor and pay the check, relying solely on Hereford's guaranty, but this, in nowise, relieved the drawee bank of honoring the check only upon the endorsement of the payees therein named. The drawee bank, simply by cashing the check and charging the same to the drawer's account, indicated a willingness to disregard and neglect its duty to the depositor upon the guaranty of a responsible bank that the duty of examining the check for the endorsement of the payees had been performed by it.

If Hereford was negligent in connection with its transactions regarding the check here, and if that negligence resulted in the drawee bank making a mistake which resulted in its damage, Hereford is liable in an action by the drawee for the damages it may have sustained. It seems to be a generally recognized rule of law that in the absence of actual fault on the part of the drawee, its failure to observe the fact of the absence of the endorsement of one of the payees, due entirely to the fault or neglect of the holder, will not preclude its recovery. If Hereford is liable to plaintiff on the second claim herein, it must rest upon a contractural duty to return to plaintiff money which it has received and holds under a mistake, and not upon any warranty. The present action must be based upon an obligation on Hereford's part to reimburse plaintiff for moneys in its possession to which it is not legally entitled.

 As was said in the outset, there are very few cases to be found in which the question for determination hinged on the absence of an endorsement such as we have here. We regard the absence of an endorsement by the holder as serious, if not more so, than a forged endorsement: one is easily discernible; the other is the result of an error in the identification of the payee. If, as has been said, it is the duty of the bank cashing the check to know to a positive certainty the identity of the payee named therein, and its failure so to do imposes a duty of reimbursing the drawee, it seems clear to us that the failure to secure the endorsement of all of the payees imposes an even greater duty on the holder. It would unduly prolong this opinion to undertake a factual resume of the many decisions upon which we rely for support in the position we have taken, but our opinion is based largely upon situations somewhat analogous to the factual situation herein presented. We rely upon reason, as well as the decisions in the following cases, to support our holding that the trial court committed error in granting a motion to dismiss plaintiff's second claim: *Crocker-Woolworth National Bank of San Francisco v. Nevada National Bank of San Francisco,* 139 Calif. 564, 73 Pac. 456; *Farmers' Nat. Bank of Augusta v. Farmers' & Traders' Bank of Maysville,* 159 Ky. Ct. App. 141, 166 S.W. 986; *Louisa National Bank v. Kentucky National Bank,* 239 Ky. C.A. 302, 39 S.W. (2d) 497; *First National Bank of Portland v. United States National Bank of Portland,* 100 Ore. 264, 197 Pac. 547; *Home Indemnity Co. v. State Bank of Ft. Dodge,* 233 Ia. 103, 8 N.W. (2d) 757; *Hartford Accident & Indemnity Co. v. First National Bank,* 61 Ohio App. 217, 22 N.E. (2d) 517; *Bank of Marshall County v. Boyd,* 308 Ky. 742, 215 S.W. (2d) 850; *New York Casualty Co. v. Sazenski* (Minn.), 60 N.W. (2d) 368; *Canadian Bank of Commerce v. Bingham,* 30 Wash. 484, 71 Pac. 43; *Wells Fargo Bank & Union Trust Co. v. Bank of Italy,* 214 Calif. 156, 4 P. (2d) 781; *Security Sav. Bank of Covington, Ky. v. First*

*Nat. Bank of Michigan City, Ind.,* 106 F. (2d) 542; 3 Daniels on Negotiable Instruments (7th ed.), sec. 1620, p. 1665; 7 Am. Jur., pp. 425, et seq., sec. 587, sec. 575, et seq., p. 414; 9 C.J.S., p. 770, sec. 358 (c), pp. 724, et seq., sec. 354; See annotations 12 A.L.R. 1098; 71 A.L.R. 337; 121 A.L.R. 1056.

We hold that insofar as the defendant The First National Bank is involved, its motion to dismiss plaintiff's second claim was correctly granted, and insofar as the motion of Hereford to dismiss the second claim, error was committed in granting said motion.

It is, therefore, ordered that the judgment entered on plaintiff's first claim is affirmed, and the judgment entered on the second claim is affirmed insofar as it orders the dismissal of plaintiff's claim against defendant The First National Bank, and is reversed as to Hereford on plaintiff's second claim and the cause is remanded for further proceedings in harmony herewith.