38855.   ROSWELL BANK v. CITIZENS & SOUTHERN
DEKALB BANK.

DECIDED SEPTEMBER 6, 1961.

*Drennan & Brannon, Roy S. Drennan,* for plaintiff in error.
*McCurdy, Candler & Harris, Claude E. Hambrick,* contra.

HALL, Judge. The words "Pay to the order of any Bank, Banker or Trust Company prior endorsements guaranteed" are an express warranty which cover a missing indorsement of a joint payee.

The petition sets forth a cause of action on the express warranty. *Yatesville Banking Co. v. Fourth Nat. Bank,* 10 Ga. App. 1 (72 SE 528) ; Second Nat. Bank of Pittsburgh v. Guarantee Trust & Safe Deposit Co. of Shamokin, 206 Pa. 616 (56 A 72) ; 2 Paton's Digest, § 18, p. 2120.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*

HALL, Judge. Since this case raises a question that is of first impression in Georgia and with few exceptions is novel to the other forty-nine states, this writer, speaking for himself alone, feels compelled to delve deeper into the problem of a missing indorsement.

The defendant (collecting) bank contends that the above indorsement was not an unqualified guaranty, and that it was only liable for reimbursement to the plaintiff (drawee) bank in the event of a forged indorsement.

"Where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others." *Code* § 14-412. We have held that it is "the inflexible dogma of the Code that a negotiable instrument payable to persons jointly must be indorsed by them all. . ." *Fulton National Bank v. Didschuneit,* 92 Ga. App. 527, 533 (88 SE2d 853). It is also true that an instrument payable to order can only be negotiated by indorsement. *Code* § 14-401. Thus where a negotiable instrument is payable to persons jointly, an indorsement by less than all is no better than no indorsement at all under the negotiable instruments law. "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. For the purpose of determining whether the transferee is a holder in due course, the negotiation

takes effect as of the time when the indorsement is actually made."
*Code* § 14-420. "Such a transfer without indorsement," vests
"the transferee with legal title, although not effective to render
the transferee a holder in due course." *Folsom v. Continental
Adjustment Corp.*, 48 Ga. App. 435, 436 (172 SE 833). While it
is a transfer, it is not a negotiation within the Negotiable In-
struments Law. *Christie v. Bassford*, 47 Ga. App. 94 (169 SE
687). When there is no negotiation, the transferee is not a
holder of a negotiable instrument under *Code* § 14-101. See
Beutel's Brannon Neg. Inst. Law (7th Ed.), § 49, p. 648; Britton
on Bills and Notes, § 49, pp. 194-195. It is clear therefore that
at the time the defendant (collecting) bank received the check
with the "missing endorsement" it was neither a holder nor a
holder in due course of a negotiable instrument; it was merely
a transferree receiving a valid assignment of a non-negotiable
chose in action to the extent of the indorsing payee's interest.

The question remains as to the liability of the defendant
(collecting) bank to the plaintiff (drawee) bank based upon
the former's indorsement "prior indorsements guaranteed." Do
these words guarantee a missing indorsement? There is author-
ity in Georgia on the question of a forged indorsement. A
drawee's suit upon a forged indorsement has been held to be
based upon either a quasi-contractual duty of the collecting
bank to repay money paid under mistake, or upon the collect-
ing bank's express agreement contained in the indorsement.
See *Yatesville Banking Co. v. Fourth Nat. Bank*, 10 Ga. App. 1,
4, 6, supra, in which case the collecting bank's indorsement stated
"Pay to the order of any bank or banker. Prior indorsements
guaranteed."

As to a forged indorsement, Britton on Bills and Notes, § 139,
p. 649, states: ". . . the drawee recovers from the party to
whom payment was made on the quasi-contract theory to en-
force restitution of money paid out under mistake of fact. The
right of recovery is not based on a warranty of title by such
party to the drawee. It is possible, however, for such party ex-
pressly to warrant to the drawee, or rather it is possible for
such party, by express contract to put upon himself a duty,
equivalent to that of warranty, to refund to the drawee. And,

this is frequently done. It is common for banks, in the collection chain, to add to their indorsements, usually in the form 'pay any bank or banker', the words: 'prior indorsements guaranteed.' . . . such words, when added to an unqualified or to a qualified indorsement, may be construed as imposing a guaranty or a warranty to the drawee. . ." In such a case the drawee bank may recover from the collecting bank upon the guaranty, in lieu of its rights to recover quasi-contractually. Second Nat. Bank of Pittsburgh v. Guarantee Trust & Safe Deposit Co., 206 Pa. 616 (56 A 72). See also 2 Paton's Digest § 18, p. 21: 20.

Turning now to the question of the missing indorsement, 2 Paton's Digest § 21:20, p. 2138, makes this rather uncertain comment: "Is the indorsement, 'all prior indorsements guaranteed,' stamped on a check by a collecting bank, sufficient to cover a missing indorsement of the payee or an indorsee? Opinion: It would be safer for the drawee bank to require an express guaranty against loss resulting from its payment of the check, although the indorsement referred to in the inquiry might be held to afford protection."

City Trust Company v. Botting, 248 N.Y.S. 204, 206 (139 Misc. 684), involved a missing indorsement. The court held that the collecting bank was liable to the drawee by reason of its implied warranty under §§ 65 and 66 of the Negotiable Instruments Law (Georgia *Code* §§ 14-606 and 14-607), that all preceding indorsements were genuine and that it had good title to the check. The basis for this holding (implied warranties under the Negotiable Instruments Law) was rejected in American National Bank v. First National Bank, 130 Colo. 557 (277 P2d 951), on the ground that because an indorsement was missing there had been no negotiation under the Negotiable Instruments Law. *Christie v. Bassford,* 47 Ga. App. 94, supra; *Fulton Nat. Bank v. Didschuneit,* 92 Ga. App. 527, supra. The holding of the City Trust Company case, supra, is questionable also for the reason that the implied warranties of the Negotiable Instruments Law do not properly extend to a drawee. Beutel's Brannon Neg. Inst. Law (7th Ed.) §§ 30, 52, 62 and 66, pp. 592, 690, 906 and 959; 2 Paton, §§ 1 and 17, pp. 1800 and 2116; Britton on

Bills and .Notes, § 139, pp. 643, 645, 647 and 649; 9 C.J.S. 769, § 358 (a) (2); 8 Am. Jur. 252, § 543. Accord, *Hamilton Nat. Bank of Chattanooga v. Commercial Bank of Bowdon,* 64 Ga. App. 696, 697 (14 SE2d 227). It should be stated that there is a minority view which holds that such implied warranties do extend to the drawee bank. Beutel's Brannon Neg. Inst. Law (7th Ed.) § 66, p. 960. Similar language is found in a few Georgia cases; however in each case it was dictum for the reason that the decision was based upon some other ground. *Yatesville Banking Co. v. Fourth Nat. Bank,* 10 Ga. App. 1, 6, supra (express warranty); *Cairo Banking Co. v. West,* 187 Ga. 666, 673, 676 (2 SE2d 91, 121 ALR 1048) (negligence); *Woods v. Colony Bank,* 114 Ga. 683 (40 SE 720, 56 LRA 929) (negligence). The reason for the rule that implied warranties of the Negotiable Instruments Law cannot properly extend to the drawee is found in Professor Ames' article "The Doctrine of Price v. Neal", 4 Harvard Law Review 297, 301-302: "One who transfers a bill or any chattel, whether by way of sale or in payment of a debt, does indeed represent that the thing sold or exchanged is his, and also what it purports to be. To use the common expression, he impliedly warrants his title and the genuineness of the thing transferred. Accordingly, if it is not genuine, the vendee may recover his purchase-money, or the creditor may treat his debt as still unpaid. But the attitude of the holder of a bill who presents it for payment is altogether different from that of a vendor. The holder is not a bargainor. By presentment for payment he does not assert, expressly or by implication, that the bill is his or that it is genuine. He, in effect, says: 'Here is a bill, which has come to me, calling by its tenor for payment by you. I accordingly present it to you for payment, that I may either get the money, or protest it for nonpayment.' . . ."

Nevertheless, the American National Bank case, supra, held that the collecting bank was liable to the drawee bank upon the ground that payment to the collecting bank was made without consideration and by mistake. In substance it allowed recovery in quasi-contract for money had and received. The opinion also refers to the negligence of the collecting bank which resulted

in the mistake of the drawee bank. Accord, United States F. & G. Co. v. Peoples Nat. Bank, 24 Ill. App. 2d 275 (164 NE2d 497).

I am of the opinion that the words "Pay to the order of any Bank, Banker or Trust Co., prior endorsements guaranteed" cover a missing indorsement of a joint payee upon the same theory of recovery as for a forged indorsement. It can be based upon either the quasi-contractual duty to repay money paid under mistake or upon the collecting bank's express agreement contained in the indorsement. *Yatesville Banking Co. v. Fourth Nat. Bank*, 10 Ga. App. 1, supra. The petition in the present case is based upon the express agreement, the "reliance on the indorsement of defendant."

While the Uniform Bank Collection Code has not been adopted in Georgia, it (Section 4) represents the trend in banking law, and places the ultimate liability for defective indorsements on the collecting bank. Holding the collecting bank to its express guaranty or warranty will place liability with certainty and result in the predictability which bankers have sought to foster. Each citizen and bank then will know where he or it stands.