Submitted June 28, reversed and remanded August 20,
reconsideration denied October 11, 1979
petition for review denied January 3, 1980 (288 Or 253)

# STATE ex rel STEVENSON,
## *Appellant,*
## *v.*
# HATCH,
## *Respondent.*

## (No. 8013, CA 12719)

598 P2d 1234

James A. Redden, Attorney General, Salem, submitted the brief for appellant. With him on the brief were Walter L. Barrie, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

Daniel Ousley, Enterprise, submitted the brief for respondent.

Before Schwab, C. J., and Lee, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is a law action tried without a jury. The plaintiff seeks to recover a judgment against the defendant for the face value of a check which the defendant had reported to be in his possession as garnishee in a previous action. The trial court found for the defendant. We reverse.

The defendant, Dwain Hatch, leased 80 acres of land from W. Guy Cobb.[1] The land was planted to potatoes and the crop was sold to J. R. Simplot Company. The receipts from the crop were to be divided one-fourth to Cobb and three-fourths to Hatch. On November 24, 1976, the Simplot Company issued its check in the amount of $6,000 payable jointly to Hatch and Cobb. The check was delivered to Hatch and he was unable to get Cobb to endorse it.

On February 8, 1977, the plaintiff filed a complaint in the Circuit Court for Wallowa County against Cobb. On March 28, 1977, Hatch was served with a writ of attachment and a notice of garnishment. Hatch reported that he had in his possession the $6,000 Simplot check payable jointly to Cobb and himself and that Cobb was entitled to one-fourth of the proceeds. Hatch did not deliver possession of the check to the sheriff.

In April, 1977, Hatch contacted the Simplot Company which reissued a separate check to Hatch in the amount of $4,500 and a separate check to Cobb in the amount of $1,500. The trial court found: "The end result was that plaintiff did not get Cobb's share of the $6,000 check despite the writs of attachment and garnishment served upon Hatch."

On July 29, 1977, plaintiff obtained a default judgment against Cobb in excess of $6,000. On September 6, 1977, the plaintiff filed the complaint in this case against Hatch.

---

[1] Our statement of the facts in this case is adapted from the trial court's findings of fact.

On the trial, the court found that under ORS 73.1160[2] the endorsements of both Hatch and Cobb were necessary to cash the $6,000 Simplot check. It further found that Hatch in the previous case was not a party and only a garnishee and therefore his endorsement could not be required. The trial court concluded that without Hatch's endorsement, the check could not be negotiated, discharged, or enforced and therefore "it would be useless to hold that plaintiff had the right to garnish the check in the first instance."

The plaintiff assigns as error the entry of the judgment for the defendant.

All property belonging to a defendant and not exempt from execution is subject to attachment. ORS 29.140.[3] A check is property as defined under ORS 29.020(4).[4] Jointly owned personal property is subject to attachment. In *Sharp v. Johnson,* 38 Or 246, 63 P 485 (1901), the plaintiff was allowed to attach a racehorse in which the defendant owned a one-third interest. At page 249 the court noted:

"The interest of one tenant in common in personal property may be attached for his individual debt, and the officer may take all the property into his custody without being guilty of a conversion as to the other

---

[2] ORS 73.1160(2) states:

"An instrument payable to the order of two or more persons:

"* * * * *.

"If not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

[3] ORS 29.140 states:

"The rights or shares which the defendant may have in the stock of any association or corporation, together with the interest and profits thereon, and all other property in this state of the defendant, not exempt from execution, shall be liable to be attached."

[4] ORS 29.020(4) states:

" 'Property' means a present or future legal or equitable, vested or contingent, interest in money, documents, instruments, accounts, chattel paper, general intangibles, contract rights, choses in action, goods or other real or personal property."

tenant's share. 'This,' says Mr. Freeman, 'is merely one of the disagreeable incidents of their joint owner-ship.' "

■ On March 28, 1977, when Hatch was served with the writ of attachment and notice of garnishment, he had the option of delivering the $6,000 Simplot check to the sheriff or holding it subject to the attachment. ORS 29.170 and 29.270. The check in the possession of Hatch was in part the property of Cobb. It did not represent a debt owing from Hatch to Cobb. It did represent a debt owing from Simplot to Cobb.

■ On July 29, 1977, when plaintiff obtained a judg-ment against Cobb, the court could have ordered the sheriff to sell at an execution sale Cobb's interest in the $6,000 Simplot check. ORS 29.380.[5] This would be a sale of property and would not require the endorse-ment of either Cobb or Hatch.[6] The sheriff could give a bill of sale to the purchaser of Cobb's interest in the check. ORS 23.480.[7] The bill of sale would in effect be an assignment of Cobb's interest.

■ If one of two joint payees to a negotiable instrument transfers his interest to a third party, the transferee acquires only the interest of transferor. The transferee is the holder of a non-negotiable chose in action. *America Nat. Bank v. First Nat. Bank,* 130 Colo 557, 277 P2d 951 (1955); *Edgar v. Haines,* 109 Ohio St. 159, 141 NE 837, 38 ALR 795 (1923); 11 Am Jur 2d Bills

---

[5] ORS 29.380 states:

"If judgment is recovered by the plaintiff against the defendant, and it shall appear that property has been attached in the action, and has not been * * * discharged from the attachment, the court shall order the property to be sold to satisfy the plaintiff's demands * * *."

[6] In *Fishburn v. Londershausen,* 50 Or 363, 92 P 1060, (1907), the sheriff endorsed a promissory note sold at a sheriff's sale.

[7] ORS 23.480 states:

"When the purchaser of any personal property capable of manual delivery, and not in the possession of a third person, shall pay the purchase money, the sheriff shall deliver to him the property, and if desired, shall give him a bill of sale containing an acknowledgment of the payment. In all other sales of personal property, the sheriff shall give the purchaser a bill of sale with like acknowledgment."

[613]

and Notes 346; Annotation, 38 ALR 799[8] ORS 73.2020(3).[9] The purchaser at the sheriff's sale of Cobb's interest in the check would have acquired a non-negotiable chose in action against Simplot in the sum of $1,500.

■ The liability of a garnishee is set out in ORS 29.270:

"Any person, association or corporation mentioned in subsection (3) of ORS 29.170, from the time of the service of a copy of the writ and notice as therein provided, shall;- unless the attached property is delivered or attached debt is paid to the sheriff, be liable to the plaintiff for the amount thereof until the attachment is discharged or any judgment recovered by him is satisfied. Such property may be delivered or debt paid to the sheriff without suit, or at any time before a judgment against the garnishee, and the sheriff's receipt shall be a sufficient discharge."

Hatch was obligated to hold the $6,000 Simplot check as long as the attachment was pending.

In the absence of evidence to the contrary, we hold plaintiff was damaged in the sum of $1,500. Plaintiff should have received the proceeds from the sheriff's sale within 60 days after the entry of the default judgment.

We reverse and remand for the entry of judgment against defendant, Dwain Hatch, for the sum of $1,500 with interest at the rate of 6% per annum from September 29, 1977.

---

[8] The annotation states that dicta in *Gardner v. Wiley,* 46 Or 96, 79 P 341 (1905), is contra.

[9] ORS 73.2020(3) states:

"An indorsement is effective for negotiation only when it conveys the entire instrument or any unpaid residue. If it purports to be of less it operates only as a partial assignment."